**Shapoor and Harriet ARDALAN,**
**Plaintiffs,**

v.

**UNITED STATES of America,**
**Defendant.**

**Civ. A. No. 81–K–1951.**

United States District Court,
D. Colorado.

March 23, 1982.

Marshall I. Whitley, Tax Div., Dept. of Justice, Washington, D. C., for defendant.

George V. Fewson, Dawson L. Joyner, Boulder, Colo., for plaintiffs.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is a tax refund suit against the United States under 28 U.S.C. § 1346(a)(1).[1]

---

1. Section 1346(a)(1) provides:

(a) The district court shall have original jurisdiction, concurrent with the Court of Claims, of:

Plaintiffs allege that throughout 1977 they were citizens and residents of Iran. They further allege that during 1977 neither of them had any income derived from within the United States.[2] They also allege that they filed a joint tax return and paid $215 in taxes for 1977 under the mistaken impression that the salary Mrs. Ardalan received as an employee of the U. S. Embassy in Iran was subject to taxation by the United States government. They now contend that, contrary to their belief at the time, Mrs. Ardalan's salary was not taxable because the Internal Revenue Code does not impose a tax on nonresident aliens simply because they are employed by the United States government in a foreign country. Plaintiffs also allege that after they filed their joint return they were assessed by the Internal Revenue Service for an additional tax liability amounting to $3,852.

Plaintiffs seek a refund of the $215 they claim to have mistakenly paid the United States government and an abatement of the alleged outstanding assessment. Plaintiffs state that they filed a timely refund claim as required by 26 U.S.C. § 7422(a) and that their claim has been disallowed. Plaintiffs also state that federal district court is the only forum in which they can bring either the refund claim or the request for an abatement because they signed a treasury department form (1902–E), at the suggestion of an IRS official, waiving their rights to have these issues determined in the United States Tax Court.

> (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws.

2. The Internal Revenue Code imposes income tax liability on nonresident aliens not only for income derived from within the United States, but also for income derived from outside the United States under the conditions of section 862(a). Although the plaintiffs do not expressly state that they did not have any income derived from sources outside the United States under the conditions of section 862(a), I interpret their complaint to allege this.

The government filed a motion to dismiss pursuant to F.R.Civ.P. 12(b)(1), arguing that jurisdiction does not arise under 28 U.S.C. § 1346(a)(1) if the claimant has not paid all assessments for the year in question before instituting suit in district court. The government contends that I must dismiss plaintiffs' refund claim because by requesting abatement of an outstanding deficiency, plaintiffs acknowledge that they have failed to satisfy the essential jurisdictional prerequisite for bringing a tax refund suit in district court. The government also argues that this court is without jurisdiction to abate any portion of the alleged assessment, because of the Anti-Injunction statute, 26 U.S.C. § 7421, which prohibits suits for the purpose of restraining assessment or collection of any tax, and under the Declaratory Judgment Act, 28 U.S.C. § 2201, which expressly denies district courts the authority, except in extraordinary circumstances not relevant here, to grant declaratory relief concerning federal taxes.

■■ The government correctly asserts that the Anti-Injunction statute prohibits this court from considering plaintiffs' abatement request.[3] Therefore, the only issue before me on this motion is whether plaintiffs' refund claim is barred by their failure to pay first the entire amount of the tax assessed against them for 1977. On this issue of first impression I conclude that this court has jurisdiction under 28 U.S.C. § 1346(a)(1) to hear plaintiffs' refund claim. I therefore deny the government's motion to dismiss the refund claim.

3. I note, however, that this court has jurisdiction under 28 U.S.C. § 1346(c) over "any set-off, counterclaim, or other claim or demand whatever on the part of the United States against any plaintiff commencing an action under this section." Should the government choose to bring a counterclaim to resolve all of the outstanding issues regarding plaintiffs' 1977 tax liability, this court would have jurisdiction to determine the validity of the alleged deficiency assessment, and therefore to avoid the type of piecemeal litigation that concerned the court in *Florida v. United States*, 362 U.S. 145, 164–67, 80 S.Ct. 630, 640–41, 4 L.Ed.2d 623 (1960).

## DISCUSSION

When considering a motion to dismiss for lack of subject-matter jurisdiction, I must construe the complaint's factual allegations in favor of the plaintiffs. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1973). Moreover, any uncontroverted allegations of jurisdiction must be accepted as true, even if they are not pleaded in the jurisdictional section of the complaint. C. Wright & A. Miller, *Federal Practice and Procedure* § 1350, at 551–52 (1975).

In arguing that this court lacks jurisdiction to hear plaintiffs' refund claim, the government relies solely on the U. S. Supreme Court's decision in *Flora v. United States*, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *aff'd on rehearing*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960). The government contends that, in construing 28 U.S.C. § 1346(a)(1) to require prepayment before suit, the court intended to establish a rule which applies to *all* refund suits in district court without exception. The only question on this motion is whether *Flora* makes the prepayment requirement an absolute jurisdictional prerequisite to a tax refund suit in district court.

> The *Flora* opinion addressed the issue: whether a Federal District Court has jurisdiction under 28 U.S.C. § 1346(a)(1) of a suit by a taxpayer for the refund of income tax payments which did not discharge the entire amount of his assessment.

362 U.S. at 146, 80 S.Ct. at 631. The court held that:

> [Section] 1346(a)(1), correctly construed, requires full payment of the assessment before an income tax refund suit can be maintained in a Federal District Court.

362 U.S. at 177, 80 S.Ct. at 647.

The claimant in *Flora* was an American citizen and a partner in a United States based engineering company. The original litigation arose from a dispute between the plaintiff and the Internal Revenue Service over the proper characterization of economic losses sustained by the plaintiff. After the plaintiff filed his tax return, the IRS made a redetermination, which resulted in a substantial deficiency assessment against the plaintiff. After paying a portion of the assessment, the plaintiff filed a refund claim with the IRS. When his claim was disallowed by the IRS, he filed suit in district court to recover the portion of the assessment he had already paid.

The court based its *Flora* decision largely on policy considerations. One of the court's major concerns was that without the prepayment requirement, a taxpayer would be able to split his cause of action between the district court and the tax court. If prepayment were not required, after paying a portion of a deficiency assessment, a taxpayer could bring a refund suit in district court. Then when he subsequently sought a redetermination of the remaining assessment in tax court, the district court decision would be controlling on the validity of the outstanding assessment. See 362 U.S. at 164–65, 80 S.Ct. at 640–41.

A more general concern of the court in *Flora* was the need to protect the overall structure of the national income taxation system. In the court's view, refund suits under Section 1346(a)(1) without prepayment would have a detrimental effect on the efficiency of the tax system as a whole:

> The government has a substantial interest in protecting the public purse, an interest which would be substantially impaired if a taxpayer could sue in district court without paying his tax in full. . . . A full-payment requirement will promote the smooth functioning of the system; a part-payment rule would work at cross purpose with it.

362 U.S. at 175–76, 80 S.Ct. at 645–46 (footnote omitted). In reaching its conclusion, the court also noted that the hardship imposed by the prepayment requirement would be mitigated by the right of the taxpayer to appeal a deficiency to the tax court without prepayment:

> A word should also be said about the argument that requiring taxpayers to pay

the full assessments before bringing suits will subject some of them to great hardship. This contention seems to ignore entirely the right of the taxpayer to appeal the deficiency to the Tax Court without paying a cent. If he permits his time for filing such an appeal to expire, he can hardly complain that he has been unjustly treated, for he is in precisely the same position as any other person who is barred by a statute of limitations.

362 U.S. at 175, 80 S.Ct. at 645 (footnote omitted).

■ In this case the plaintiffs argue that as nonresident aliens they had no United States tax liability in 1977 because Mrs. Ardalan's salary was not taxable under the Internal Revenue Code and because they had no other income derived from within the United States.

Section 871(a) of the Internal Revenue Code imposes on nonresident alien individuals "a tax of 30 percent of the amount received from sources within the United States." The question in this case is whether plaintiff's salary as an employee of the U. S. Embassy in Iran is construed under the Internal Revenue Code as derived from within the United States.

Code Section 7701(a)(9) states that "the term United States when used in a geographical sense includes only the States and the District of Columbia." Section 861(a)(3) provides that compensation "for labor or personal services performed in the United States" is subject to taxation. The government might argue that this includes labor performed in a United States embassy. However, this argument is discounted by section 861(a)(3)(C)(ii), which specifically excludes from taxation compensation for labor and services performed by a non-resident alien employee for a United States employer in a foreign country. Section 861 does not specifically include or exclude salaries paid by the U. S. government to nonresident aliens in foreign countries. However, reading Sections 861(a)(3)(C)(ii) and 7701(a) together it appears that income

such as Mrs. Ardalan's salary is not properly characterized as derived from within the United States. This conclusion is supported by Revenue Ruling 57–69, C.B. 1957–1 at 239 (1957). Responding to a query about the tax status of nonresident alien employees of the United States in foreign countries, the Commissioner of Internal Revenue said:

It is clear that the United States as a sovereign entity is a corporation, and nonresident aliens hired by an agency or instrumentality of the United States would be hired therefore by a domestic corporation. *Helvering v. Stockholm Enskilda Bank*, 293 U.S. 84 [55 S.Ct. 50, 79 L.Ed. 211], Ct.D. 877, C.B. XIII–2,298 (1934). See also *Hancock v. Louisville and Nashville R.R. Co.*, 145 U.S. 409 [12 S.Ct. 969, 36 L.Ed. 755] (1892), where it would appear that a United States agency or instrumentality could be considered to be a corporation since the court there stated, 'It is enough that an artificial entity was created with power to exercise the functions of a corporation.'

Accordingly, it is held that employees of instrumentalities or agencies of the United States in foreign countries, other than citizens or alien residents of the United States, may be exempt from Federal income tax with respect to compensation for personal services performed in the United States provided the other conditions of section 861(a)(3) of the Internal Revenue Code of 1954 are met.

Therefore, on the facts alleged, the plaintiffs were not subject to taxation under United States tax laws in 1977.

*Flora* imposes the prepayment requirement on all taxpayers who elect to have the validity of the assessment against them determined in district court rather than to seek a redetermination of a deficiency assessment in tax court. However, neither party's brief nor my own research reveals any cases establishing the prepayment requirement when the plaintiffs allege, as in this case, that they were not subject to

United States tax laws *at all* and thus seek a refund of the amount claimed to have been mistakenly paid to the United States government. Moreover, nothing in *Flora* indicates that the circumstances alleged in the instant case do not justify an exception to the prepayment rule. I therefore will not require the parties to adhere mechanically to the prepayment rule. Here, unlike *Flora*, the plaintiffs are not challenging the amount of tax that the IRS claims they owe; they are instead challenging the determination that they owe *any tax at all.* Under these circumstances, requiring the plaintiffs to prepay an alleged deficiency of $3,852 in order to bring suit to recover $215 would not effectuate the public policy considerations that underlie the prepayment rule.

Finally, I find, pursuant to 28 U.S.C. § 1292(b), that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this order will materially advance the ultimate termination of this litigation. Upon application for appeal being made within ten days as prescribed by statute, I shall stay proceedings in this court if moved by either party.

IT IS ORDERED that the defendant's motion to dismiss is granted in part and denied in part. Plaintiffs' claims for abatement of the assessment and for release of the tax lien for their 1977 tax year are hereby dismissed. In all other respects defendant's motion to dismiss is denied.