Sidney STERN and Vera Stern, Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. CV–R–81–253–ECR.

United States District Court, D. Nevada.

April 26, 1983.

301 statute of limitations cannot be applied retroactively. *See Pitts v. Fritolay*, 700 F.2d 330 (CA 6, 1983).

Lionel, Sawyer & Colling, Reno, Nev., and Randall G. Dick, San Francisco, Cal., for plaintiffs.

Barry Lieberman, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

Cross-motions for summary judgment are before the Court. Supporting memoranda of points and authorities and exhibits have been filed. A hearing was held March 7, 1983, Randall G. Dick, Esq., arguing for the plaintiffs and Barry Lieberman, Esq., presenting the arguments on behalf of the defendant.

The plaintiffs each paid the excise tax on the transfer of one hundred shares of stock to two foreign trusts. Altogether they had transferred approximately two hundred eighty thousand shares of the stock to the trusts. Defendant had assessed the excise tax, pursuant to 26 U.S.C. §§ 1491–1494, on the transfer of the entire two hundred eighty thousand shares. The plaintiffs' claims for refund of the amounts they had paid and their requests for abatement of the balances of the assessments were denied by defendant Government. This lawsuit followed. The prayer is for refund of the amounts paid and abatement of the balances. The Government has counterclaimed for the unpaid balances, plus penalties and interest.

The transfers of stock occurred in 1971 and 1972. They were part of a financial plan suggested by an attorney retained by the plaintiffs. In essence, the plaintiffs contended that the stock was transferred to the trusts as consideration for lifetime annuities to be paid to the plaintiffs by the trusts. The Government, on the other hand, contended that the transactions constituted transfers in trust whereunder the plaintiffs merely retained rights to annual payments. When the Government found an income tax deficiency based on transfers in trust, the plaintiffs sought relief in Tax Court. By opinion filed September 21, 1981, the Tax Court ruled in favor of the Government. It held that the plaintiffs were properly subjected to the income taxes imposed pursuant to the income for the benefit of the grantor provisions of 26 U.S.C. § 677(a). *Stern v. C.I.R.*, 77 T.C. 614. The plaintiffs have appealed to the Ninth Circuit from the Tax Court decision.

A basic position of the Government is that collateral estoppel applies against the plaintiffs as to those factual issues litigated and decided in the Tax Court. A central theme of the plaintiffs is that if they are liable for income taxes, they cannot be held liable also for excise taxes based on the same transactions.

■ The doctrine of collateral estoppel does apply in tax cases, *Starker v. United States*, 602 F.2d 1341, 1350 (9th Cir.1979), including Tax Court decisions, *United States v. Abatti*, 463 F.Supp. 596, 598 (S.D. Cal.1978). Under the doctrine, once an is-

sue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in any subsequent suit based on either the same or a different claim for relief involving a party to the first action. *In re Cenco Inc. Securities Litigation,* 529 F.Supp. 411, 414 (N.D. Ill.1982). The issue to be foreclosed in the subsequent action must have been litigated and decided in the first case. *Starker v. United States, supra* at 1344. It is not necessary that all the issues in the second suit have been decided in the first case. *Considine v. United States,* 683 F.2d 1285, 1287 (9th Cir.1982). The parties are free to litigate points which were not at issue in the first proceeding. *Commissioner v. Sunnen,* 333 U.S. 591, 598, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948).

The plaintiffs have emphasized that collateral estoppel has no application where the issues sought to be litigated were outside of the jurisdiction of the first court. *See Morse v. United States,* 494 F.2d 876, 879 (9th Cir.1974). This is important here because they wish to litigate the validity of the imposition of an excise tax on their stock transfers, and the Tax Court has no jurisdiction over excise tax cases. *See Flora v. United States,* 362 U.S. 145, 175 n. 38, 80 S.Ct. 630, 646 n. 38, 4 L.Ed.2d 623 (1960); *Lucia v. United States,* 474 F.2d 565, 576 (5th Cir.1973); 26 U.S.C. §§ 6212 and 6512.

It appears that the Tax Court decision against the plaintiffs is not yet final, because it has been appealed. *See* 26 U.S.C. § 7481(a)(1). However, the federal rule is that the pendency of an appeal does not suspend the operation of a judgment as collateral estoppel unless the appeal removes the entire case to the appellate court and constitutes a proceeding de novo. 1B Moore's Fed.Prac. ¶ 0.416[3]. The Ninth Circuit's review of a Tax Court decision follows the same standard as a case appealed from a district court, i.e., clearly erroneous for findings of fact; not bound by interpretations of law. *Wien Consol. Airlines, Inc. v. C.I.R.,* 528 F.2d 735, n. 1 (9th Cir.1976); *Erickson v. C.I.R.,* 598 F.2d 525, 528 (9th Cir.1979). It does not constitute a

proceeding de novo. *Jantzer v. C.I.R.,* 284 F.2d 348, 355 (9th Cir.1960). Therefore, the Tax Court decision is entitled to collateral estoppel effect until reversed, vacated or modified; it is conclusive in favor of the winning party as to all material issues that were there litigated and adjudicated. Moore's, *supra; see also United States v. Abatti,* 463 F.Supp. 596, 599 (S.D.Cal.1978).

In *Starker v. United States,* 602 F.2d 1341, 1344 (9th Cir.1979), the Ninth Circuit approved consideration of the following four factors in deciding what issues were decided in the first action:

(1) The amount of overlap between the evidence or argument advanced in the second proceeding and that used in the first;

(2) Whether the same rule of law was applicable in both proceedings;

(3) Whether pretrial preparation and discovery in the first case embraced the matters presented in the second; and

(4) Whether the claims in the two cases were closely related.

Utilizing these factors, the Tax Court opinion is found to have decided the following:

(a) The plan followed by the plaintiffs was devised for them by their retained attorney;

(b) No payments were received by the plaintiffs from the Florcken Trust during the years 1972 and 1973;

(c) The transactions constituted transfers in trust whereunder the plaintiffs retained the right to annual payments;

(d) The plaintiffs are the settlors of the Hylton and Florcken Trusts;

(e) The annuity agreements entered into by the plaintiffs were not shams;

(f) The trusts are not mere conduits for the income to be derived from the transferred properties; and

(g) The entire income of the trusts, including the gain from the April 16, 1973, sale of the stock transferred, is taxable to the plaintiffs.

26 U.S.C. § 6512 provides that the filing of a petition with the Tax Court precludes a suit for refund in a district

court before the Tax Court decision has become final. However, the statute applies only to income, estate and gift taxes and to certain excise taxes not here involved. Therefore, the instant action (involving an excise tax on the transfer of stock to a foreign trust) is within this Court's subject matter jurisdiction, despite the ongoing appeal of the Tax Court's decision to the Ninth Circuit.

■ It has been held that a taxpayer must pay the full amount of an income tax deficiency before he may challenge its correctness by an action for refund. *Flora v. United States,* 362 U.S. 145, 151–167, 80 S.Ct. 630, 633–641, 4 L.Ed.2d 623 (1960). The rule is not inflexible where an excise tax is involved, however. Excise tax assessments are often divisible into a tax on each transaction or event, so that the full-payment rule may be satisfied by the payment of only a small amount. *Id.* at n. 38, *Boynton v. United States,* 566 F.2d 50, n. 5 (9th Cir.1977). For examples, payment of the tax on a single wager suffices for a suit for refund of the excise tax on wagers, *Higginbotham v. United States,* 556 F.2d 1173, n. 1 (4th Cir.1977) and *Lucia v. United States,* 474 F.2d 565, 576 (5th Cir.1973), payment of the penalty applicable to the failure to pay over the tax withheld from a single employee satisfies the rule as to penalties assessed against an employer for failure to pay over to the Internal Revenue Service income taxes withheld from all employees, *Steele v. United States,* 280 F.2d 89, 91 (8th Cir.1960), and payment of the cabaret tax on one day's or one month's receipts meets the requirement for a refund suit, *Christie v. United States,* 179 F.Supp. 709, 714 (D.Ore.1959).

■ The plaintiffs' lawsuit herein asks for refund of the excise taxes they each have paid, based on the amount allegedly due for a 100-share transfer of stock, although a total of about two hundred eighty thousand shares were actually transferred in the course of three transactions. The plaintiffs explain that stocks ordinarily are traded in round lots of one hundred shares each. This seems to comply with the spirit of the rule as applied to excise taxes.

■ 26 U.S.C. § 1491, which is the statutory basis for the tax sought to be imposed upon the plaintiffs, is not applicable if the transfer is not in pursuance of a plan having as one of its principal purposes the avoidance of income taxes. House Report No. 94–658, 1976 U.S.Code Cong. & Admin. News 3108; *see also* 1939–1 Cum.Bull. 494. This intent issue was not an essential element of the 1981 Tax Court decision against the plaintiffs.

The legislative history of the Tax Reform Act of 1976, as it relates to the § 1491 excise tax, indicates that prior to that Act (it applies to transfers of property after October 2, 1975) a taxpayer could transfer appreciated stock to a trust established by him and receive in return from the trust a private annuity contract without being subject to the excise tax. 1976 U.S.Code Cong. & Admin.News *supra,* at 3103 and 3647–8. Further, prior to said Act, § 1491 was felt not to apply where the foreign trust provided some consideration (such as a private annuity contract) to the transferor. *Id.* at 3647.

■ The purpose of the § 1491 excise tax is to prevent U.S. taxpayers from transferring appreciated property to foreign trusts without payment of a capital gains tax. *Id.* at 3102 and 3647; Kanter and Horwood, Section 1491 Tax and Private Annuity/Foreign Situs Trust Transaction, Taxes, Vol. 52, No. 7, 388, 397 (July 1974); 1939–1 Cum.Bull. 494. The tax becomes due at the time of the transfer. *Ibid.*

■ The defendant has cited revenue rulings which seem to contradict the foregoing discussion as to the inapplicability of § 1491 to the plaintiffs' transfers. In any event, material issues remain as to whether a principal purpose of the transfers was to avoid income taxes and as to whether the liability of the plaintiffs for income taxes on the transactions (as found by the Tax Court) would preclude excise tax liabilities for the same transactions.

■ In addition to refunds, the plaintiffs have asked the Court to abate the

deficiencies assessed against them. The Court is prohibited from entertaining a request to abate a tax deficiency, by reason of the Anti-Injunction statute, 26 U.S.C. § 7421, which prohibits suits for the purpose of restraining assessment or collection of a tax, and the Declaratory Judgment Act, 28 U.S.C. § 2201, which denies district courts the authority to grant declaratory relief as to federal taxes. *Ardalan v. United States,* 534 F.Supp. 721, 722 (D.Col.1982); *see also Stonecipher v. Bray,* 653 F.2d 398, 401 (9th Cir.1981). Nevertheless, the identical issues have been raised in this action by the Government's counterclaims for the balance of the assessments against the plaintiffs. *See Boynton v. United States,* 566 F.2d 50, 55 (9th Cir.1977); *Freeman v. United States,* 265 F.2d 66, 69 (9th Cir.1959). The resolution of those counterclaims will determine the validity of the claimed deficiencies.

The instant proceedings and the pending appeal by the plaintiffs to the Ninth Circuit from the Tax Court's decision and orders are parallel, if not duplicative. The outcome of the appeal could have a profound effect on the within litigation. Further, the recent case of *Lafargue v. C.I.R.,* 689 F.2d 845 (9th Cir.1982) could be construed as lending some support to the plaintiffs' contention that the Tax Court has mischaracterized the stock transfer transactions.

Every court has the inherent power to stay causes on its docket with a view to avoiding duplicative litigation, inconsistent results, and waste of time and effort by itself, the litigants and counsel. *See Landis v. North American Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 165, 81 L.Ed. 153 (1936); *Colorado River Water Cons. Dist. v. U.S.,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976); *Amer. Life Ins. Co. v. Stewart,* 300 U.S. 203, 215, 57 S.Ct. 377, 380, 81 L.Ed. 605 (1937). A stay seems appropriate here.

IT IS, THEREFORE, HEREBY ORDERED that the cross-motions of the plaintiffs and the defendant for summary judgment both be, and the same hereby are, *DENIED.*

IT IS FURTHER ORDERED that all further proceedings herein be, and the same hereby are, *STAYED* pending the Ninth Circuit's determination of the plaintiffs' appeal of the Tax Court decision filed September 21, 1981, and the Tax Court's orders based thereon.