**Raymond SYUFY; Marcia Syufy, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. C–84–1084 RHS.**

United States District Court, N.D. California.

Jan. 21, 1986.

Randall G. Dick, Jeffrey I. Margolis, Flynn, Steinberg, Dick & Lee, San Francisco, Cal., Bruce I. Hochman, Martin Gelfand, Hochman, Salkin & DeRoy, Beverly Hills, Cal., for plaintiffs.

Joseph P. Russoniello, U.S. Atty., Jay R. Weill, Asst. U.S. Atty., Chief, Tax Div., San Francisco, Cal., for the U.S.

**ORDER**

SCHNACKE, District Judge.

motion; and (b) took the motion under submission.

This civil action arises out of the 1983 assessment, by defendant's Internal Revenue Service, of excise taxes, penalties, and interest against plaintiffs. The complaint, as amended, prays for: (a) return of the $13,750 already paid on the assessment; and (b) abatement of the rest of the assessment. Defendant counterclaims for the rest of the assessment.

The assessment is based on a Bahamian trust's 1972 receipt, from plaintiff Raymond Syufy, of shares of Syufy Investment Corporation common stock, in exchange for a private annuity. The purported statutory justification for the assessment is 26 U.S.C. § 1491, as it read from its 1954 enactment to its 1976 first amendment. Before that amendment, 26 U.S.C. § 1491 imposed on a U.S. citizen's or a U.S. resident's "transfer" of securities—to a foreign corporation (as paid-in surplus or as a contribution to capital), a foreign partnership, or a foreign trust—an excise tax equal to 27½% of the excess of the value of the transferred securities, over their adjusted basis (for determining gain) in the transferor's hands.

■ However, before the 1976 amendment 26 U.S.C. § 1491 was seen as inapplicable where, as in the action at bar, the securities' value at the time of the foreign trust's receipt of the securities was equalled at that time by the present value of the annuity payments to be provided in exchange for the securities. After all, for tax years after 1972, federal income tax has been imposed on the annuity payments to plaintiffs, which payments have been treated partly as ordinary income and partly as capital-gains income. And the purpose of the excise tax in 26 U.S.C. § 1491 and in its predecessor provisions in the 1939 Internal Revenue Code and the 1932 Revenue Act is to attack the problem of U.S. taxpayers' transfer of appreciated securities to foreign entities without payment of a capital-gains income tax. It was not Congress's intent, in enacting the 1932 predecessor of 26 U.S.C. § 1491, that there

should be both income taxation and excise taxation on an excess of value over basis [see *Stern v. U.S.*, 563 F.Supp. 484, 488 (D.Nev.1983); *Abegg v. C.I.R.*, 429 F.2d 1209, 1217 (2d Cir.1970), *cert. denied*, 400 U.S. 1008, 91 S.Ct. 566, 27 L.Ed.2d 621 (1971); House Report No. 94–658, 1976–4 U.S.Code Cong. & Admin.News 2897, 3102–3103; Senate Report No. 94–938, 1976–4 U.S.Code Cong. & Admin.News 3439, 3647–3648]. Yet, defendant's position in the action at bar—that pre–1976 26 U.S.C. § 1491 applies to the 1972 transaction involving the Bahamian trust—would result in the sort of double taxation not intended by Congress.

■ Such a position of defendant has been held to be "arguable" [*Clucas v. Broberg*, 38 AFTR2d ¶ 76–5301 (N.D.Cal. 1976) ]. But "arguable" is not the same as correct. And this Court hereby: (a) finds defendant's position in the action at bar to be erroneous; (b) grants plaintiffs' summary judgment motion, as to both the complaint, as amended, and defendant's counterclaim; and (c) vacates the February 10, 1986 trial-commencement date.

### JUDGMENT

In 1983 defendant's Internal Revenue Service assessed excise taxes, penalties, and interest against plaintiffs. In accordance with the accompanying order, it is hereby adjudged: (a) that defendant shall return to plaintiffs the $13,750 already paid on the assessment; (b) that the rest of the assessment is abated; and (c) that defendant's counterclaim is dismissed. Plaintiffs may recover their costs of action.