Joseph F. KISTING and Virginia V. Kisting, Plaintiffs-Appellants,

v.

Ernest SAUBER, District Director of Internal Revenue, Defendant-Appellee.

No. 14242.

United States Court of Appeals Seventh Circuit.

Dec. 4, 1963.

William Elden, Chicago, Ill., for appellants.

Louis F. Oberdorfer, Asst. Atty. Gen., Robert J. Golten, Atty., U. S. Dept. of Justice, Washington, D. C., Frank E. McDonald, U. S. Atty., Chicago, Ill., Lee A. Jackson, Harry Baum, Martin B. Cowan, Attys., Dept. of Justice, Washington, D. C., James P. O'Brien, U. S. Atty., of counsel, for appellee.

Before SCHNACKENBERG, CASTLE and KILEY, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Joseph F. Kisting and Virginia V. Kisting, his wife, plaintiffs, have appealed from an order of the district court sustaining the motion of Ernest Sauber, District Director of Internal Revenue, defendant, to dismiss the cause instituted by them on October 31, 1961, for a refund of income taxes paid for the year 1954 claimed to have been illegally assessed.

The uncontroverted material facts appear from the plaintiffs' complaint and the motion to dismiss.

Joseph F. Kisting, sometimes referred to herein as taxpayer, and Mrs. Kisting, on April 15, 1955 filed with defendant a joint return for the year 1954, reporting taxable income of $66,053.23, setting forth that their tax thereon was $27,542.-26, of which $10,021.49 had been paid by withheld and estimated taxes, and that a balance of $17,520.77 was due with the return.

On June 7, 1955, plaintiffs filed with defendant an amended 1954 income tax return together with a claim for refund of overpayment of $2,222.35.[1] The difference in the taxable income, as reported on the original return and amended return respectively, resulted from the following matters: a sale by taxpayer to Dubuque Packing Company of his stock in that company for $67,360.00, a payment to him of $32,640.00 in cash by that company for a release of a tort claim, and the cancellations of an open account of $2,059.51 and a promissory note of $5,000.00.

On September 9, 1960 the Commissioner of Internal Revenue made an additional assessment for unpaid income taxes for 1954, interest, fraud penalties, and estimated tax penalties, totaling $27,-418.19, which is unpaid.

Defendant moved to dismiss the complaint for lack of jurisdiction, inasmuch as the taxpayer had not paid in full the assessments for income taxes, interest and penalties. From the action of the district court in sustaining that motion, this appeal followed.

In this court plaintiffs contend that "the district court has jurisdiction of a suit where only a part of the tax was paid and taxpayer utilizes his common law right to maintain suit against the Collector or District Director of Internal Revenue for refund thereof without first paying the balance of the account." They challenge the contention of defendant that the recent decision in Flora v. United States, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623, is dispositive of this case.

In considering the impact of Flora, we note that before plaintiffs here filed their complaint on October 31, 1961, they had been served on September 9, 1960 with a deficiency notice, pursuant to 26 U.S.C.A. § 6212(a), involving their 1954 income taxes. Therefore they would have been entitled to litigate their claim of overpayment in the Tax Court, under 26 U.S.C.A. § 6512, especially under subparagraph (b) (1), which provides:

"(b) Overpayment determined by Tax Court—

"(1) Jurisdiction to determine.—If the Tax Court finds that there is

---

1. This amount is the difference between the withheld and estimated taxes of $10,021.49 and the recomputed tax of $7,799.14.

no deficiency and further finds that the taxpayer has made an overpayment of income tax for the same taxable year, of gift tax for the same calendar year, or of estate tax in respect of the taxable estate of the same decedent, in respect of which the Secretary or his delegate determined the deficiency, or finds that there is a deficiency but that the taxpayer has made an overpayment of such tax, the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer.

In view of the foregoing, we note that, in Flora, at 175 of 362 U.S., at 646 of 80 S.Ct., 4 L.Ed.2d 623, the court remarked:

"A word should also be said about the argument that requiring taxpayers to pay the full assessments before bringing suits will subject some of them to great hardship. This contention seems to ignore entirely the right of the taxpayer to appeal the deficiency to the Tax Court without paying a cent. If he permits his time for filing such an appeal to expire, he can hardly complain that he has been unjustly treated, for he is in precisely the same position as any other person who is barred by a statute of limitations. On the other hand, the Government has a substantial interest in protecting the public purse, an interest which would be substantially impaired if a taxpayer could sue in a District Court without paying his tax in full. * * *"

At 176 of 362 U.S., at 646 of 80 S.Ct., 4 L.Ed.2d 623, the court added:

" * * * It is quite true that the filing of an appeal to the Tax Court normally precludes the Government from requiring payment of the tax, but a decision in petitioner's favor could be expected to throw a great portion of the Tax Court litigation into the District Courts. * * * A

full-payment requirement will promote the smooth functioning of this system; a part-payment rule would work at cross-purposes with it."

When served with the notice of deficiency, plaintiffs had an opportunity, without making any payment upon their tax liability, to contest the deficiency before the Tax Court. They did not avail themselves of this remedy. Instead they resorted to an action in the district court and under that circumstance they were not relieved of their obligation to pay their taxes prior to the institution of that action. Having made their choice, the district court had no jurisdiction except to dismiss their action upon defendant's motion when it appeared that plaintiffs had not paid in full the taxes, interest and penalties assessed against them.

For the reasons which we have stated, the order of the district court is affirmed.

Order affirmed.