**GEURKINK FARMS, INC.**, formerly known as Elmore Produce Company, Plaintiff-Appellant,

v.

**UNITED STATES** of America, Defendant-Appellee.

No. 18750.

United States Court of Appeals, Seventh Circuit.

Oct. 21, 1971.

William Elden, Chicago, Ill., for plaintiff-appellant.

Johnnie M. Walters, Asst. Atty. Gen., Tax Division, Wesley J. Filer, Atty., U. S. Department of Justice, Washington, D. C., William J. Bauer, U. S. Atty., Chicago, Ill., Meyer Rothwacks, Leonard J. Henzke, Jr., Attorneys, Tax Division, Department of Justice, Washington, D. C., for defendant-appellee.

Before HASTINGS, Senior Circuit Judge, and KERNER and SPRECHER, Circuit Judges.

PER CURIAM.

Taxpayer Geurkink Farms, Inc. appeals from an order of the district court dismissing its action for refund of federal income taxes for the year 1959 for lack of jurisdiction on the authority of Flora v. United States, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), aff'd on rehearing, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960), when it appeared that taxpayer had not paid in full the

taxes assessed against it for the taxable year in issue.

The chronology of events becomes important. The record shows that on August 6, 1964, taxpayer filed a claim for refund of $19,910.32 in taxes paid for the fiscal year ending October 31, 1962. This was based on a net operating loss carryback to and including taxpayer's fiscal year of 1959. After receiving the refund claim, the Internal Revenue Service investigated taxpayer's fiscal 1962 income tax liability. As a result of an exchange of correspondence and such investigation, on March 22, 1968, the Service sent taxpayer a notice of additional deficiencies for fiscal 1962 in the amount of $1,289.68. Taxpayer was formally assessed this additional amount, plus $432.25 interest, on August 16, 1968, after the 90-day period for filing a Tax Court petition had expired.

Taxpayer did not pay the assessment for these additional deficiencies in its tax or the interest thereon. Instead, on August 22, 1968, it filed its complaint in the instant action in the federal district court for a refund of its alleged $19,910.32 overpayment for fiscal 1962, basing jurisdiction on Title 28, U.S.C.A. § 1340.[1]

 On the Government's motion, the district court dismissed the action, finding that taxpayer had not paid the full amount of income taxes assessed against it for 1962 at the time it filed this suit for refund. Taxpayer seeks to distinguish the authority of Flora v. United States, *supra*, on the ground that *Flora* applies only to 28 U.S.C.A. § 1346(a) (1)[2] and maintains that this suit may be properly grounded on §

1340, *supra*. This is the controlling issue for decision here.

Taxpayer's distinction is not well taken. Section 1340, *supra*, is merely a general grant of jurisdiction to district courts to entertain actions of a certain class, viz.: "any civil action arising under any Act of Congress providing for internal revenue * * *." It is not a waiver of governmental immunity from suit or a consent to be sued. Such a grant of general jurisdiction cannot be construed as authorizing suits of this character against the United States, else the exemption of sovereign immunity would become meaningless. De Masters v. Arend, 9 Cir., 313 F.2d 79, 84–85 (1963); First National Bank of Emlenton, Pa. v. United States, 3 Cir., 265 F. 2d 297, 299 (1959). Indeed, as Judge Hastie observes in First National Bank of Emlenton at 299–300, Section 1346(a) (1) provides the remedy available to taxpayer in the instant case.

The Supreme Court in *Flora*, 362 U.S. at 157, 80 S.Ct. at 637, specifically stated: "We are not here concerned with a single sentence in an isolated statute, but rather with a jurisdictional provision which is a keystone in a carefully articulated and quite complicated structure of tax laws." Further, at 177, 80 S.Ct. at 647, although by a divided court, it expressly reaffirmed its view that § 1346(a) (1), *supra*, "requires full payment of the assessment [of tax deficiencies] before an income tax refund suit can be maintained in a Federal District Court."

Certainly a reading of *Flora* would indicate that taxpayer may not now resort to another route of tax refund litigation

---

1. "§ 1340. Internal revenue; customs duties

"The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, * * *. June 25, 1948, c. 646, 62 Stat. 932."

2. § 1346(a) (1), as amended July 30, 1954, c. 648, 68 Stat. 589, reads:

"(a) The district court shall have original jurisdiction, concurrent with the Court of Claims, of:

(1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws;"

when the gate to such road has been so effectively closed. Taxpayer had open a statutory method to contest the assessed deficiencies before the Tax Court without payment of such taxes. He chose not to do so. Having made the choice, the district court had no alternative but to dismiss the action for want of jurisdiction. Kisting v. Sauber, 7 Cir., 325 F.2d 316, 318 (1963). *Accord,* West Chester Feed & Supply Co. v. Erwin, 6 Cir., 438 F.2d 929, 930 (1971).

We have considered other arguments advanced by taxpayer and find them without merit.

The order of the district court dismissing this action for want of jurisdiction is affirmed.

Affirmed.