**Shapoor and Harriet ARDALAN, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 83–1413.

United States Court of Appeals, Tenth Circuit.

Nov. 26, 1984.

George V. Fewson, Joyner & Fewson, P.C., Boulder, Colo., for appellants.

Glenn L. Archer, Jr., Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, D.C. (Robert N. Miller, U.S. Atty., Denver, Colo., Michael L. Paup, Jonathan S. Cohen and Mary L. Fahey, Attys., Tax Div., Dept.

of Justice, Washington, D.C., with him on the brief), for appellee.

Before DOYLE, McKAY and LOGAN, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

This is an appeal by Shapoor and Harriet Ardalan, husband and wife, from an order of the United States District Court for the District of Colorado, granting summary judgment in favor of the United States and dismissing with prejudice the Ardalans' suit for refund of personal income taxes.

Two different judges heard the case and the Ardalans allege they reached opposite conclusions. The judge who finally heard the case granted the government's request for summary judgment. The Ardalans urge this court to reverse the district court's grant of summary judgment in favor of the United States and, instead, to grant summary judgment in their favor.

This case arises from the Ardalans' attempts to obtain a refund of $215 paid in personal income taxes for the year 1977 and to challenge an additional deficiency assessment of $3,852 plus interest and penalties for the same year. The facts were stipulated to in the district court and show that the Ardalans are native-born Iranians, currently still Iranian citizens, but residing in the United States since the current regime of the Ayatolla Khomeini came to power in 1979. Shapoor Ardalan is a retired Iranian army officer, having served in the deposed Shah's army. Harriet has worked in various clerical positions both in Iran and the United States, including for a period as a secretary at the United States Embassy in Tehran, Iran. Two of Harriet's sisters are United States citizens residing in the United States.

In the early 1970's, two of the Ardalans' three children moved to the United States to attend school, ultimately enrolling in the University of Northern Colorado. The Ardalans traveled to the United States to visit their children on several occasions, and in 1975 purchased a residential dwelling in Greeley, Colorado, ostensibly as a place for their children to reside while attending the University of Northern Colorado.

Also in 1975, Shapoor was hospitalized in Longmont, Colorado for a parasitic infection. Harriet returned to Colorado in July 1975 to be with Shapoor and except for a brief visit to Iran in 1976, she remained in Colorado until March 1977. During this period, the Ardalans' third child also attended school in the United States. After Shapoor's recuperation, he returned to Iran in November 1975.

The Ardalans originally traveled to and entered the United States on temporary visitors visas. However, they applied for permanent resident visas (commonly called green cards) in 1975. In October, 1975, the Immigration and Naturalization Service ("INS") approved Harriet's application for priority status as a permanent resident alien and sister of a United States citizen. The Ardalans completed INS forms declaring their intention to become permanent residents of the United States. Both were registered as permanent residents and issued green cards by December 21, 1976. The Ardalans then acquired United States Social Security numbers and Colorado driver's licenses.

In September 1976, the Ardalans sold their Greeley residence to raise capital for certain business ventures in Iran and Harriet remained in the United States and resided at a rental apartment until March 1977. In March 1977, the Ardalans returned to Iran, but in notifying the INS of their move, they stated that their departure abroad was only intended to be temporary. Permission was sought to retain their permanent resident status.

In Iran, Harriet obtained a job as a bilingual secretary at the United States Embassy. Shapoor's pension was taxed by the Iranian government but evidently Harriet's income was free from Iranian taxes. Consequently, while still in Iran, the Ardalans filed a joint United States personal income tax return for the year 1977 and enclosed payment of $215 in taxes with the return. The Ardalans left Iran and returned to Colorado in July 1978. They have not returned to Iran since the described time.

On March 9, 1979, the Internal Revenue Service ("IRS") notified the Ardalans that they owed an additional $3,852 in taxes for the year 1977. The IRS explained the deficiency by stating in the notice of deficiency that, "Resident aliens electing to file a joint return are requested to report income from worldwide sources." On August 5, 1979, the Ardalans signed IRS Form 1902–B, consenting to the additional tax assessment and waived their right to challenge the deficiency in the United States Tax Court. The Ardalans now contend they were intentionally misled into signing the form.

The Ardalans further contend that they were non-resident aliens in 1977 and, therefore, were not subject to federal income taxation. Consequently, they sought a refund by the IRS of their $215 payment. Their claim was denied and they subsequently filed suit in the United States District Court for the District of Colorado for refund of the $215 payment and abatement of the unpaid additional tax deficiency assessment.

After consideration of jurisdictional issues by the district court who originally heard the case, the parties were directed to brief the issue of the Ardalans' status as either resident or non-resident aliens for tax purposes.

Based on stipulated facts and the Ardalans' affidavits and depositions, the district court, through the judge who finally assumed the case, ruled on March 2, 1983 that the Ardalans were, in fact, *resident* aliens subject to United States taxation in 1977. Consequently, the court granted summary judgment for the United States and dismissed the Ardalans' claim for refund and abatement. The Ardalans appeal the district court's judgment.

The central issue on appeal raised by the Ardalans is:

Whether the District Court erred in determining on summary judgment that the Ardalans were resident aliens in 1977 subject to United States personal income taxation.

The Ardalans contend that the district court erred in finding that they were resident aliens in 1977. The position of the United States is that the district court was correct in its finding. The United States asserts, however, that the district court lacked subject matter jurisdiction to hear the Ardalans' complaint, because the Ardalans failed to make full payment of the tax assessment before bringing their claim for refund in the district court. Its contention is that this court should rule:

Whether the district court lacked subject matter jurisdiction to hear the Ardalans' claim for an income tax refund as required by 28 U.S.C. 1346(a)(1), because the Ardalans failed to make full payment of their tax deficiency before bringing suit.

Because consideration of this threshold jurisdictional issue disposes of this appeal, this court does not need to address the other issue on appeal raised by the Ardalans.

The jurisdiction of federal district courts to hear tax refund suits is contained in 28 U.S.C. § 1346(a)(1). That statute states:

(a) The district courts shall have original jurisdiction, concurrent with the Court of Claims, of:

(1) Any civil action against the United States for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under internal-revenue laws ....

The Supreme Court, this circuit, and all other federal circuits have long held that this provision requires the taxpayer to first pay the full amount of an income tax deficiency assessed by the IRS before he/she may challenge the assessment in a suit for refund under § 1346(a)(1). Moreover, the Supreme Court has strongly ruled requiring full prepayment in *Flora v. United States*, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *aff'd on rehearing*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960) (hereinafter referred to as *Flora I* and *Flora II*, respectively). In *Flora I* and *Flora II*, the Supreme Court affirmed this court's determination that the district court lacked jurisdiction to entertain taxpayer-plaintiff's challenge to an income tax deficiency assessment because he had failed to first make full payment of the challenged assessment before instituting suit. *See Flora v. United States*, 246 F.2d 929 (10th Cir.1957).

In the instant action below, the United States, relying on the *Flora* decisions, asserted that the district court lacked jurisdiction to hear the Ardalans' refund claim, because the Ardalans failed to pay the entire assessed tax deficiency for 1977. It is undisputed that the Ardalans paid only $215 in taxes for 1977 and have an outstanding deficiency of $3,852.

Considering this jurisdictional issue, the district court below rejected the United States' argument and held the *Flora* decisions and the full prepayment rule inapplicable to the Ardalans' suit. *Ardalan v. United States*, 534 F.Supp. 721, 723–24 (D.Co.1982). The district court stated that the *Flora* decisions were based "largely on policy considerations" and a concern to "protect the overall structure of the national income taxation system" from piecemeal taxpayer litigation. *Id.* at 723. The court added that the *Flora* case involved United States citizens seeking a partial refund of taxes paid to the IRS, while the instant action involved non-citizen aliens asserting their freedom from any United States tax liability. Denying the Ardalans a district court forum would not serve these policy considerations, the court stated. Consequently, the district court held that the "circumstances of the instant case" justified an "exception to the [*Flora*] prepayment rule," where plaintiffs challenge the determination by the IRS that they owe any tax at all, rather than merely challeng-

ing the amount of the assessment as in *Flora. Id.* at 725.

Our view of the trial court's initial ruling after receiving the Supreme Court's decisions in Flora is that it creates an exception to the *Flora* prepayment rule in taxpayer refund suits under § 1346(a)(1).

At present there exists only one exception to the *Flora* prepayment rule which has been recognized by the federal courts. This exception provides that full prepayment of a tax assessment is not a jurisdictional prerequisite for a suit challenging a "divisible" tax. *Fidelity Bank, N.A. v. United States,* 616 F.2d 1181, 1182, n. 1 (10th Cir.1980). This doctrine applies in only two situations: (1) a suit challenging unpaid excise taxes; or (2) a suit challenging a 100% penalty pursuant to 26 U.S.C. § 6672 for failure to withhold and pay over employment taxes. *See Church of Scientology of Colorado v. United States,* 499 F.Supp. 1085, 1087 (D.Colo.1980). The parties agree that the instant action involves neither of these situations.

The Ardalans fail to cite authority supporting the district court's creation of a new exception to the *Flora* prepayment rule. Further, contrary to the district court's statement, the Supreme Court's decisions in *Flora* were based not on policy considerations, but on a detailed investigation of statutory interpretation and legislative intent that leaves no room for creation of a policy oriented exception. The Court indeed looked to related tax statutes and the overall structure of the tax laws to determine the legislative intent, but this cannot be labeled merely a consideration of policy. In commenting on its analysis, the Court stated:

> The foregoing study of the legislative history of 28 U.S.C. § 1346(a)(1), 28 U.S.C.A. § 1346(a)(1), and related statutes leaves no room for contentions that their broad terms were intended to alter in any way the ... principle of 'pay first and litigate later.'

*Flora I, supra,* 357 U.S. at 75, 78 S.Ct. at 1086.

The Court also stated:

From the related statutes, all of which were passed after 1921, it is apparent that Congress has several times acted upon the assumption that § 1346(a)(1) requires full payment before suit.

*Flora II, supra,* 362 U.S. at 157, 80 S.Ct. at 637.

Therefore, we are constrained to hold that the district court erred in creating an exception to the *Flora* prepayment rule and in holding that it had jurisdiction to hear the Ardalans' suit despite their failure to fully pay the assessed tax deficiency before initiating suit.

The Ardalans assert that application of the prepayment rule would deny them "the fundamental processes of fairness required by the Fifth Amendment of the United States Constitution." Brief for the Appellants, at 10. They assert that because they were misled into waiving their right to litigate their claims in the Tax Court, denial of district court jurisdiction under § 1346(a)(1) would unconstitutionally deprive them of all judicial forums. The Ardalans' contention is without merit. *See White v. Commissioner of Internal Revenue,* 537 F.Supp. 679, 683–84 (D.Colo.1982).

It is well-established that a taxpayer may appeal the assessment of a tax deficiency to the Tax Court without first paying any of the assessed deficiency. The Supreme Court stated that a taxpayer cannot claim a constitutional deprivation if he/she permits the statutory time for filing such an appeal in the Tax Court to expire, because he/she "is in precisely the same position as any other person who is barred by a statute of limitations." *Flora II,* 362 U.S. at 175, 80 S.Ct. at 646. The same may be said of a waiver by the taxpayer of his/her right to appeal to the Tax Court; waiver of that right to appeal in the Tax Court and preclusion from bringing suit in the district court under § 1346(a)(1) without prepayment does not deprive taxpayer of any constitutional right. In determining that the district court lacked subject matter jurisdiction pursuant to § 1346(a)(1), however, this court does not consider the effectiveness of the Ardalans' waiver of their right to ap-

peal the assessed deficiency to the Tax Court or the Ardalans' claim that they were misled into signing IRS Form 1902–B.

We must conclude that the district court lacked jurisdiction pursuant to 28 U.S.C. § 1346(a)(1) to hear the Ardalans' tax refund suit. The judgment is reversed and the case is remanded to the district court for disposition not inconsistent with this court's decision.

Inasmuch as there existed no jurisdiction to hear the case, we do not address the decision of the second judge who ruled that the plaintiff-appellants were resident aliens, an issue which need not be considered.