815 F.2d 703
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles J. ERDMAN, Jr., and Ruth A. Erdman, Plaintiffs-Appellants,
v.
The UNITED STATES of America, and Attorney General of the
United States, Defendants-Appellees.
 No. 85-3926.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1987.
 
 Before MARTIN, WELLFORD, and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a decision in which the district court held that it did not have jurisdiction over the taxpayers' action for a refund of income taxes because the taxpayers had not paid their full income tax assessment for the year in question. We think the district court acted correctly in dismissing the case for want of jurisdiction.
 
 I.
 
 2
 The taxpayers initially reported a 1976 federal income tax liability of $25,484, and they paid taxes in that amount. Shortly thereafter the taxpayers sought a refund of the entire $25,484 on the ground that they had failed to claim a deduction to which they were entitled in the amount of $115,120. IRS then audited the 1976 return, and the ensuing discussions led to the execution in 1982 of an "Offer of Waiver of Restrictions on Assessment and Collection of Deficiency in Tax" (IRS Form 870-AD) in which the taxpyers offered to consent to the assessment and collection of a deficiency for 1976 of $31,138. The taxpayers agreed that if their offer were accepted by IRS, no claim for refund would be prosecuted except as follows:
 
 
 3
 "The taxpayers reserve the right to prosecute a timely filed claim for refund in the amount of $25,484.43 for the year 1976 based on an ordinary deduction for the amount of $115,120.00 which they were required to pay to a third party creditor either as comaker or guarantor of certain obligations."
 
 
 4
 In January of 1983 the IRS made a deficiency assessment of $31,138 for 1976, thereby accepting the taxpayers' offer, as it appears, and in February of 1983 the IRS disallowed the claim for a $25,484 refund. Four months later, in June of 1983, the taxpayers commenced a refund action in federal district court, asserting that the court had jurisdiction under 28 U.S.C. Secs. 1346(a)(1) and 1340. The government moved to dismiss the complaint for lack of subject matter jurisdiction, the taxpayers not having paid the $31,138 deficiency. District Judge Kinneary granted the motion for dismissal, and the taxpayers appealed.
 
 II
 
 5
 In Flora v. United States, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960), the Supreme Court held that in order to bring an action for a refund in federal district court under 28 U.S.C. Sec. 1346, a taxpayer must have paid the entire amount of the deficiency assessed for the challenged tax year.
 
 
 6
 The first of the arguments made by the taxpayers here is that when their original 1976 return was filed, they paid the full amount that appeared to be due. The IRS did not act upon their refund claim within six month period prescribed by 26 U.S.C. Sec. 6532(a)(1), and the taxpayers contend that upon the expiration of that six month period in 1978 they became entitled to sue in federal district court. That right was "preserved," they say, by the Form 870-AD.
 
 
 7
 The contention that the taxpayers could have filed suit in 1978 is doubtless correct, but it hardly follows that they were entitled to do so in 1983 notwithstanding the intervening deficiency assessMent, We are unwilling to hold that the right that existed in 1978 survived the assessment of the deficiency, for that would be inconsistent with the clear holding in Flora. See Ardalan v. United States, 748 F.2d 1411 (10th Cir. 1984). The deficiency assessment made it impossible for the taxpayers to seek a refund in district court without paying the assessment first, and IRS had no power to waive that jurisdictional requirement.
 
 
 8
 The taxpayers urge that acceptance of the Form -870-AD by the IRS estops the agency from asserting a jurisdictional defense. But even if the taxpayers were misled by the agreement embodied in the Form 870-AD--and it is hardly clear on the face of the agreement that IRS was saying that the taxpayers could prosecute a refund claim without satisfying the well-known jurisdictional prerequisite--neither IRS nor the federal courts are free to strip the United States of its sovereign immunity from suit where such immunity has not been surrendered by Congressional action. In enacting 28 U.S.C. Sec. 1346, Congress did not consent to suit against the United States by taxpayers whose deficiency assessments remain unpaid. We are stuck with that fact, just as IRS and the taxpayers are; we are not at liberty to rewrite the statute merely because its application in a given case might strike us as inequitable. Litigants cannot vest a federal court with subject matter jurisdiction where none would otherwise exist, and in light of Flora, it is clear that section 1346(a) makes prepayment a jurisdictional prerequisite of suit. See, e.g., Curry v. United States, 774 F.2d 852 (7th Cir. 1985); Ardalan, supra.
 
 
 9
 "If the jurisdictional prerequisite is not met, jurisdiction simply does not exist--and no action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant, California v. LaRue, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972), principles of estoppel do not apply, American Fire & Casualty Co. v. Finn, 341 U.S. 6, 17-18, 71 S.Ct. 534, 95 L.Ed. 702 7195 -1), and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings." Insurance Corp. of Ireland, Ltd. v. Compagnie de Bauxites des Guinea, 456 U.S. 69cts, 70 -2 , 102 S.Ct. 2099, 72 L.Ed.27 49 -2 (1982) (emphasis supplied).
 
 
 10
 The doctrine of equitable estoppel cannot supply the want of a statutory grant of jurisdiction.
 
 
 11
 The government's brief suggests that whenever the IRS seeks to collect the $31,138 deficiency, the taxpayers "could seek injunctive relief, based on the argument that the agreement is void and, as a result, the IRS may not pursue collection because it was required to but failed to issue a notice of deficiency." (No statutory notice of deficiency for 1976 has been issued, and until it is the taxpayers cannot seek prepayment review in the United States Tax Court. Fendler v. Commissioner, 441 F.2d 1101, 1102 (9th Cir. 1971).) The taxpayers say they are unable to pay the $31,138, but we are satisfied that this circumstance will not leave them without a forum in which to litigate the merits of their claim, assuming their agreement with IRS was as they represent it to have been. If the agreement was what the taxpayers say it was, it appears that either the IRS will issue a notice of deficiency, thereby opening the doors of the Tax Court to these taxpayers, or the taxpayers may be able to obtain an injunction against any collection efforts pending fulfillment by the IRS of its end of the supposed bargain. See 26 U.S.C. Sec. 6213(a).
 
 
 12
 The judgment of the district court is AFFIRMED.