989 F.2d 491
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Virginia P. COOPER, individually, and as personal
representative of the Estate of Charles F. Cooper,
deceased, Plaintiff-Appellant,
v.
UNITED STATES OF AMERICA, Defendant-Appellee.
 No. 92-1962.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 1, 1993
Decided: March 22, 1993
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, Jr., District Judge. (CA-91-1251)
 W. Rhett Eleazer, Columbia, South Carolina, for Appellant.
 James A. Bruton, Acting Assistant Attorney General, Gary R. Allen, Richard Farber, Curtis C. Pett, United States Department of Justice, Washington, D.C., for Appellee.
 D.S.C.
 AFFIRMED.
 Before WIDENER, HAMILTON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Virginia Cooper, as representative of the estate of Charles Cooper, seeks review of a district court order granting summary judgment for the United States and finding that it lacked jurisdiction to consider her action to recover an alleged overpayment of federal income taxes. The court found jurisdiction lacking because Cooper failed to prepay the full amount of the tax prior to seeking a refund. On appeal, Cooper alleges that the district court erred by finding prepayment to be a condition precedent to jurisdiction.
 
 
 2
 Under the Supreme Court's decision in Flora v. United States, 357 U.S. 63 (1958), aff'd on reh'g, 362 U.S. 145 (1960), a taxpayer must prepay the full amount of the tax assessed for the relevant tax period before filing suit for a refund. Cooper contends that Flora is limited to cases challenging the correctness of the assessment, which may be pursued in Tax Court, where full prepayment is not required. We disagree. The Court's decision in Flora has been strictly applied and has not been interpreted to admit the exception argued by Cooper. See Rocovich v. United States, 933 F.2d 991 (Fed. Cir. 1991); Curry v. United States, 774 F.2d 852 (7th Cir. 1985); Ardalan v. United States, 748 F.2d 1411 (10th Cir. 1984). Thus, the fact that Cooper does not challenge the correctness of the assessment but rather claims that the assessment was collected after expiration of the applicable statute of limitations does not except her from the prepayment requirement.
 
 
 3
 Similarly, Cooper's position that the prepayment rule applies only in cases where a Tax Court remedy is available is at odds with the holding of Flora itself, as well as applicable circuit court decisions. See Rocovich, supra; Curry, supra. In keeping with the principle that any waiver of the United States's sovereign immunity should be explicit, it is recognized that any exception to the jurisdictional prepayment requirement of 28 U.S.C. § 1346(a)(1) must be created by Congress, not the courts. See Rocovich, 933 F.2d at 995; Curry, 774 F.2d at 854.
 
 
 4
 The order of the district court is therefore affirmed.* We dispense with oral argument since the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 We note, however, that in view of the district court's finding of no jurisdiction, dismissal, rather than summary judgment, was the appropriate vehicle for disposition of this case