**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 12, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

PAUL KENNETH CROMAR; BARBARA
ANN CROMAR,

     Plaintiffs - Appellants,

v.

UNITED STATES OF AMERICA;
WILLIAM P. BARR, DOJ Attorney
General; RYAN S. WATSON; NANCY K.
PHILLIPS; R. A. MITCHELL; WANDA I.
MANLEY; JOAN FLACH, a/k/a Joan
Flack; ROBERT J. SHELBY,

    Defendants - Appellees.

No. 19-4129
(D.C. No. 2:19-CV-00255-TDD)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

Paul and Barbara Cromar, proceeding pro se,[1] appeal the district court's

dismissal of their action against the United States and several federal officials,

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe the Cromars' pro se filings but "will not act as [their] advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

including a district judge, a Department of Justice (DOJ) trial attorney, and Internal

Revenue Service (IRS) employees, alleging various torts and constitutional violations

related to a federal tax proceeding brought by the United States against the Cromars.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.[2]

## I.    BACKGROUND

In 2017, the United States filed an action against the Cromars based upon

Mr. Cromar's failure to pay income taxes between 1999 and 2005.  In that action, the

district court determined that Mr. Cromar owed over $1 million in tax liabilities and

that those liabilities constituted liens on his real property in Cedar Hills, Utah.  The

Cromars refused to answer the complaint on the merits and repeatedly challenged the

court's subject-matter jurisdiction and the government's taxing authority.  The court

ultimately entered a default judgment followed by an order of foreclosure and

judicial sale, requiring the Cromars to vacate the property.  We affirmed those orders.

*United States v. Cromar*, __ F. App'x __, 2020 WL 1488763 (10th Cir. Mar. 26,

2020).[3]

Shortly after the district court ordered the foreclosure and judicial sale, the

Cromars launched a collateral attack on the tax case and filed a pro se complaint in

---

[2] Although the dismissal was without prejudice, the judgment is final and appealable because the district court dismissed the action in its entirety and not solely the complaint.  *See Moya v. Schollenbarger*, 465 F.3d 444, 449-50 (10th Cir. 2006).

[3] The district court has since entered an order confirming the sale.  *See Guttman v. Khalsa*, 669 F.3d 1101, 1127 n.5 (10th Cir. 2012) (noting "we may take judicial notice of public records, including district court filings").

Utah state court seeking injunctive relief and $120 million in damages. They alleged the Defendants, "under color of law" and "color of office," conspired to implement an unconstitutional federal income tax and to "unlawfully convert private property in the name of tax in order to enforce [a] socialist communistic philosophy." R. Vol. 1 at 11, 21-22 (emphases omitted). In particular, the Cromars alleged: (1) IRS officials forged the signatures of other IRS officials on Notices of Federal Tax Liens; and (2) the DOJ trial attorney sought, and the district judge issued, a void judgment in the tax case, without affording the Cromars due process and a jury trial.[4]

The United States removed the case pursuant to 28 U.S.C. § 1442(a)(1). The Cromars then moved to remand the case to state court, and the Defendants moved to dismiss on the grounds that, *inter alia*, the action was barred by sovereign immunity. The Cromars objected to the Defendants' motion and also filed a motion for leave to amend their complaint, increasing their damages-claim to $150 million and adding claims based on events occurring after they filed the complaint, including the judicial sale of, and their removal from, their home. The court denied the Cromars' motions and granted the Defendants' motion to dismiss. This appeal followed.

---

[4] On appeal in the tax case, we rejected the Cromars' challenges to the district court's judgment and the income tax in general. *See Cromar*, __ F. App'x at __, 2020 WL 1488763, at *3.

## II.    ANALYSIS

### I.    Standards of Review

We review de novo the district court's denial of the Cromars' motion to remand. *See Garley v. Sandia Corp.*, 236 F.3d 1200, 1207 (10th Cir. 2001). We also review the dismissal de novo. *See Satterfield v. Malloy*, 700 F.3d 1231, 1234 (10th Cir. 2012). In so doing, "we accept as true all well-pleaded factual allegations in the complaint and view them in the light most favorable to the plaintiff." *Garling v. U.S. E.P.A.*, 849 F.3d 1289, 1292 (10th Cir. 2017) (brackets and internal quotation marks omitted). Finally, we review the denial of the Cromars' motion for leave to amend their complaint for an abuse of discretion. *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). Because the court found the proposed amended complaint would still be subject to dismissal based on sovereign immunity, "our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Miller ex rel. S.M. v. Bd. of Educ.*, 565 F.3d 1232, 1249 (10th Cir. 2009).

### II.    The Cromars' Motion to Remand

The Cromars first contend the case was improperly removed to federal court and should have been remanded to state court. The United States removed the case under 28 U.S.C. § 1442(a)(1), which authorizes removal of a state-court action against the United States or federal officers for acts "under color of such office or on account of any . . . authority claimed under any Act of Congress for . . . the collection

4

of the revenue." This "right of removal is absolute for conduct performed under the color of federal office." *Arizona v. Manypenny*, 451 U.S. 232, 234 (1981).

The Cromars' complaint repeatedly alleged the Defendants acted "under color of law" and "color of office." R. Vol. 1 at 21-22. However, they insist they only raised state-law claims and that removal, therefore, was improper under § 1441(a). The district court, though, properly noted the case was removed under § 1442(a)(1) and that removability under that statute, unlike § 1441(a), does not hinge on "'whether the suit could originally have been brought in a federal court.'" *Id.* at 236 (quoting *Willingham v. Morgan*, 395 U.S. 402, 406 (1969)).[5] Instead, "suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the *defense* depends on federal law." *Jefferson Cty. v. Acker*, 527 U.S. 423, 431 (1999) (emphasis added). This statute "cover[s] all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law." *Mesa v. California*, 489 U.S. 121, 133 (1989).

The Defendants plainly had a colorable defense with sovereign immunity, which resulted in the dismissal of the action. And § 1442(a)(1) was intended to protect just such a defense. *See Christensen v. Ward*, 916 F.2d 1462, 1484 (10th Cir.

---

[5] The court also found the Cromars' characterization of their complaint as only implicating state law to be "specious." R. Vol. 1 at 236 n.4. Notwithstanding their assertion that they "took care to avoid any federal questions," Aplt. Reply Br. at 21, the complaint unequivocally alleged violations of federal statutes and the federal constitution, including "Article I, Section 2, Clause 3; and Article I, Section 9, Clause 4; and Article I, Section 8[,] Clause 1 of the U.S. Constitution; and . . . the 4th Amendment; the 5th Amendment; the 7th Amendment; and the 14th Amendment to the U.S. Constitution," R. Vol. 1 at 10-11.

1990) ("The primary purpose for the removal statute is to assure that defenses of official immunity applicable to federal officers are litigated in federal court."). Although the Cromars contest the validity of sovereign immunity, the doctrine's legitimacy is long beyond dispute. *See id.* at 1473 ("[T]he doctrine of sovereign immunity, as embodied in the common law[,] . . . is constitutional."). *See generally Nichols v. United States*, 74 U.S. (7 Wall.) 122, 126 (1868) ("Every government has an inherent right to protect itself against suits, and if, in the liberality of legislation, they are permitted, it is only on such terms and conditions as are prescribed by statute. The principle is fundamental, applies to every sovereign power, and but for the protection which it affords, the government would be unable to perform the various duties for which it was created. It would be impossible for it to collect revenue for its support, without infinite embarrassments and delays, if it was subject to civil processes the same as a private person.").

Removal was proper under § 1442(a)(1). Accordingly, the district court did not err in denying the Cromars' motion to remand.[6]

---

[6] Plaintiffs also contend removal was improper on the grounds that: (1) there was no evidence the individual defendants joined in the removal, Aplt. Reply Br. at 16-17; (2) there was no evidence the United States had standing to represent the individual defendants, *id.* at 17-18; and (3) the removal notice violated Rule 11 because it lacked a signature from counsel representing the individual defendants, *id.* at 18-19. Although the district court rejected these arguments, the arguments are waived on appeal because the Cromars raised them for the first time in their reply brief. *See Kientz v. Comm'r*, 954 F.3d 1277, 1286 n.7 (10th Cir. 2020).

## III. The Defendants' Motion to Dismiss

The Cromars next challenge the dismissal of their action. The Defendants moved to dismiss because the Cromars failed to identify a waiver to sovereign immunity so as to permit a suit against the United States and federal employees acting in their official capacities. *See generally Dahl v. United States*, 319 F.3d 1226, 1228 (10th Cir. 2003) (noting "[s]overeign immunity is jurisdictional in nature" and, "[a]bsent a waiver, . . . shields the Federal Government and its agencies from suit" (internal quotation marks omitted)). As the district court aptly noted in granting the Defendants' motion, the Cromars did not dispute that the "defendants [were] being sued for actions taken in their official capacities" and, instead, merely "repeat[ed] legally nonsensical allegations of their Complaint" and made "frivolous arguments that they and 'We the People,' not the federal government, are the 'true' sovereigns and immune from federal tax laws." R. Vol. 1 at 236-37.

In addition to frivolously challenging the validity of sovereign immunity, which we addressed above, the Cromars contend the court erred by not addressing their motion to remand before addressing the motion to dismiss. But the court did just that—it found removal proper under § 1442(a)(1), denied the motion to remand, and *then* addressed and granted the motion to dismiss.

The Cromars also argue the Defendants should have been judicially estopped from denying that the federal court had jurisdiction after asserting the court had jurisdiction for purposes of removal. But because the Cromars did not raise estoppel

7

in district court and do not argue plain error on appeal, we decline to consider the argument. *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1131 (10th Cir. 2011).

Finally, the Cromars contend that if the court found it lacked subject-matter jurisdiction on the basis of sovereign immunity, it was required to remand the case to state court, rather than dismiss it. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). However, the action still would be barred in Utah state court because of sovereign immunity. *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 85-86 (1991). The United States need not prove its entitlement to sovereign immunity twice. We decline to waste judicial resources by requiring the district court to remand the case to state court, which would inevitably apply sovereign immunity and dismiss for lack of subject-matter jurisdiction.

The district court properly found the case was barred by sovereign immunity. *See Christensen*, 916 F.2d at 1465-66. Accordingly, the court did not err in dismissing the action for lack of subject-matter jurisdiction.

## IV. The Cromars' Motion for Leave to Amend the Complaint

Finally, the district court denied the Cromars' motion for leave to amend their complaint because they identified "no basis to overcome the defense of sovereign immunity" and the amendment, therefore, would be futile. R. Vol. 1 at 237. They now appear to argue sovereign immunity was waived under statutes cited in their amended complaint, including 26 U.S.C. §§ 7433, 7214, and 7608. We disagree.

8

26 U.S.C. § 7433(a) permits an action for damages against the United States "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the [IRS] recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title."  26 U.S.C. § 7433(a).  But as the court correctly found, the Cromars "allege[d] no facts to support a colorable claim that any IRS officer or employee recklessly or intentionally disregarded any specific provision of the Code or regulation, as required for liability under § 7433."  R. Vol. 1 at 238 n.5.[7]

The Cromars claim §§ 7608(a) and (b) and 7214(a) constitute the provisions that were violated for purposes of liability under § 7433.  But these statutes offer no such assistance.  First, § 7608(a) describes the authority of IRS officers charged with enforcing statutes *not* related to income taxes.  Next, § 7608(b) defines the authority of "criminal investigator[s] of the Intelligence Division," and the Cromars concede no such investigator "has ever been involved with the plaintiff in this dispute or civil action," Aplt. Opening Br. at 13.  Finally, we have held that § 7214(a), which criminalizes certain acts of IRS employees, does not waive sovereign immunity.  *See Lonsdale v. United States*, 919 F.2d 1440, 1443-44 (10th Cir. 1990); *see also Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (noting § 7214(a) is "criminal statute[] that do[es] not provide for a private right of action").

---

[7] Moreover, the Cromars failed to allege they exhausted their administrative remedies, as required by 26 U.S.C. § 7433(d)(1).

The district court properly found the Cromars failed to identify a waiver of

sovereign immunity so as to confer subject-matter jurisdiction. Accordingly, the

court did not err in denying the Cromars' motion for leave to amend their complaint.[8]

## III.   CONCLUSION

The district court's judgment is affirmed.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

---

[8] The Cromars also identify 28 U.S.C. § 1346 as a basis for jurisdiction, which they cited in response to the motion to dismiss, not in their amended complaint. But they are not seeking "the recovery" of a tax, 28 U.S.C. § 1346(a)(1), nor did they pay the full amount of the tax deficiency as necessary to proceeding under § 1346(a)(1), *see Ardalan v. United States*, 748 F.2d 1411, 1413 (10th Cir. 1984). And to the extent they rely on § 1346(b)(1), they failed to allege "injury or loss of property . . . caused by the negligent or wrongful act or omission of any [federal] employee . . . while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

10