Fred **BRAMBLETT**, Plaintiff-
Appellant,

v.

William R. **DESOBRY** et al.,
Defendants-Appellees.

No. 73–1391.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 2, 1973.

Decided Jan. 8, 1974.

Jon E. Rickert, Elizabethtown, Ky., for plaintiff-appellant.

William T. Pizzi, Sp. Asst. U. S. Atty., Newark, N. J., for defendants-appellees; George J. Long, U. S. Atty., on brief.

Before McCREE and MILLER, Circuit Judges, and KRUPANSKY,* District Judge.

## PER CURIAM.

This is an appeal from summary judgment for defendants in an action by Fred Bramblett against William R. Desobry, Commanding General of Fort Knox, and Robert F. Froehlke, Secretary of the Army. The amended complaint alleged that General Desobry acted in an arbitrary, capricious, and unconstitutional manner in dismissing Bramblett on September 3, 1971, from his position as manager of the Fort Knox Rod and Gun Club, a nonappropriated fund activity. Bramblett sought reinstatement, injunctive relief, damages, and a declaratory judgment.

On January 19, 1973, appellees moved to dismiss the action and the court ordered the motion to be treated as one for summary judgment. On February 27, 1973, summary judgment was granted for the appellees on the grounds that the court lacked subject matter jurisdiction because of sovereign immunity. Bramblett appeals from that order.

■■ A nonappropriated fund activity is initially created by government loans which are repaid out of profits earned by the activity. Such activities "are arms of the government deemed by it essential for the performance of governmental functions . . . and partake of whatever immunities it may

have under the constitution and federal statutes." Standard Oil Co. v. Johnson, 316 U.S. 481, 485, 62 S.Ct. 1168, 1170, 86 L.Ed. 1611 (1941). The Fort Knox Rod and Gun Club, a nonappropriated fund activity, is an instrumentality of the United States and is, accordingly, entitled to claim sovereign immunity in actions brought against it.

■ The mere fact that appellant named only individuals as defendants does not preclude the defense of sovereign immunity. "The general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' . . . or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'" Dugan v. Rank, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963); Land v. Dollar, 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947); Larson v. Domestic and Foreign Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949). See also Hawaii v. Gordon, 373 U.S. 57, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963).

■■ Government officials are personally immune from damage suits so long as they are acting within the scope of their duty, despite the effects of their actions. Spalding v. Vilas, 161 U.S. 483, 16 S.Ct. 631, 40 L.Ed. 780 (1895). There is an absolute privilege regardless of whether the appellee's decision was made in an arbitrary and capricious manner as appellant alleges. In a case involving libel by a government officer, the United States Supreme Court held, "[t]he fact that the action here taken was within the outer perimeter of petitioner's line of duty is enough to render the privilege applicable, despite the allegations of malice in the complaint." Barr v. Matteo, 360 U.S. 564, 575, 79 S.Ct. 1335, 1341, 3 L.Ed.2d 1434 (1959). Here, the fact that General Desobry, as Commanding General of Fort Knox, had

---

* The Honorable Robert B. Krupansky, United States District Judge for the Northern District of Ohio, sitting by designation.

the power to fire appellant renders irrelevant the contentions that he abused his discretion and acted outside his authority. The general's exercise of his power to dismiss employees is immune from personal damage suits.

■ Appellant's contention that the Administrative Procedure Act (5 U.S.C. § 701 et seq.) confers jurisdiction upon the United States District Courts to review an abuse of discretion is also unfounded. "The United States, as sovereign, is immune from suit save as it consents to be sued, . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941); Hawaii v. Gordon, *supra*. The APA does not confer jurisdiction on the courts. Yahr v. Resor, 339 F.Supp. 964 (D.N.C.1972); Ove Gustavsson Contracting Co. v. Floete, 278 F.2d 912 (2d Cir. 1960). *Cf.* Washington v. Udall, 417 F.2d 1310, 1320 (9th Cir. 1969); Littell v. Morton, 445 F.2d 1207 (4th Cir. 1971).

There has been no waiver of sovereign immunity for a non appropriated fund activity such as the Fort Knox Rod and Gun Club. Although 28 U.S.C. § 1346(a), enacted as an amendment to the Tucker Act in 1970, expressly allows suits based on contracts with post exchanges, Congress deliberately withheld waiver of sovereign immunity for all other types of nonappropriated fund activities. Swiff-Train v. United States, 443 F.2d 1140 (5th Cir. 1971). Sovereign immunity likewise barred a mandamus action against a nonappropriated fund activity in Bowen v. Culotta, 294 F.Supp. 183 (D.Va.1968), where an employee sought reinstatement after being fired by her superior.

Appellant's suit is barred by the doctrine of sovereign immunity. The order of the district court granting appellees' motion for summary judgment is therefore affirmed.