Bartholomew MANDEL,
Plaintiff-Appellant,

v.

Joseph O. NOUSE and Joseph E.
Pieklik, Defendants-Appellees.

Harry THOMAS, Plaintiff-Appellant,

v.

Joseph O. NOUSE, Defendant-Appellee.

Harry THOMAS, Plaintiff-Appellant,

v.

Howard CALLAWAY, Secretary of the
Army, Defendant-Appellee.

Nos. 74–1084, 74–1641 and 74–1713.

United States Court of Appeals,
Sixth Circuit.

Feb. 10, 1975.

Harry Thomas, pro se.

Ralph B. Guy, Jr., U. S. Atty., Saul A. Green, Detroit, Mich., for defendants-appellees.

Bartholomew Mandel, pro se.

Before WEICK, PECK and MILLER, Circuit Judges.

PER CURIAM.

These appeals were consolidated for hearing because of the similarity of the factual and legal issues involved.

Appellants Thomas and Mandel are discharged former employees of the

United States Army Tank-Automotive Command (USATACOM) at Warren, Michigan. Both appellants were discharged for inefficiency, Mandel's discharge occurring on March 22, 1973, and Thomas' on July 20, 1973. Appellee Callaway is Secretary of the Army; appellee Nouse was the immediate supervisor of Mandel and Thomas; and appellee Pieklik is the Commander of the USATACOM at Warren, Michigan.

5 U.S.C. § 4302 requires an agency to establish a performance-rating plan "for evaluating the work performance of its employees." Nouse developed, or was instrumental in developing, a performance-rating plan that applied to Mandel and Thomas. Nouse was also responsible, as Thomas and Mandel's supervisor, for evaluating their work. Mandel and Thomas are both mechanical engineers.

5 U.S.C. § 4303 requires that the performance evaluation plan provide that "performance requirements be made known to all employees", and that "each employee be kept currently advised of his performance and promptly notified of his performance rating."

5 U.S.C. §§ 4306 and 4307 provide that the Civil Service Commission shall inspect such performance evaluation plans to determine if they comply with the requirements of the statute and regulations, and that a rating may not be used as the basis for any action except under an approved performance rating plan.

5 U.S.C. § 4304 reads in part:

(a) Each performance-rating plan shall provide for ratings representing at least—

(1) satisfactory performance;

(2) unsatisfactory performance; and

(3) outstanding performance.

(b) An employee may be rated unsatisfactory only after a 90-day advance warning and after a reasonable opportunity to demonstrate satisfactory performance. A performance rating of unsatisfactory is a basis for removal from the position in which the performance was unsatisfactory.

Nouse issued 90-day warning letters to Thomas and Mandel. The letter to Mandel states that his performance is "deficient" and it details the evaluation plan item by item, discussing the aspects in which his performance is deficient. It states that several of the deficiencies may take longer than 90 days to correct.

Mandel responded by filing grievances, alleging that the rating plan was unconstitutionally promulgated and arbitrarily and discriminatorily applied. The grievances were denied by the U. S. Army Civilian Review Agency.

A pre-termination hearing was denied. Appellants were notified that they had not made satisfactory progress, and they were discharged.

After receiving the 90-day warning letter, but before being discharged, Mandel filed in the District Court an action against Nouse for damages and injunctive relief, alleging that the 90-day letter was libelous and defamatory, and was published to other personnel at USATACOM; that the evaluation plan did not meet the requirements of 5 U.S.C. § 4303; and that it was discriminatorily applied.

After his discharge, Mandel filed an action in the District Court against Pieklik, claiming *inter alia* that the denial of a pre-termination hearing deprived him of his property interest in his employment without due process of laws; and that Pieklik condoned and approved of Nouse's actions. Mandel alleged that the performance-rating plan and evaluation violated his right to free speech; that the plan failed to meet the requirements of 5 U.S.C. § 4303; and that the 90-day letter sent by Nouse was defamatory.

District Judge Pratt granted the defendants' motions for summary judgment, which motions were supported by affidavits. Mandel's claims for damages were dismissed with prejudice, on the ground of sovereign immunity. His claims for equitable relief were dismissed without prejudice on the ground that he failed to exhaust his administrative remedies.

Judge Pratt's opinion also discussed the doctrine of primary jurisdiction of the Civil Service Commission.

Thomas filed an action in the District Court against the Secretary of the Army, alleging that he was deprived of his property interest in his employment without due process of law as the result of the denial of a pre-termination hearing; that the 90-day letter sent to him was libelous and defamatory, and was published to certain other employees at USATACOM; and that the performance evaluation plan did not comply with the statute and was not approved by the Civil Service Commission.

Basically, Thomas's action against Nouse complained that the 90-day letter was defamatory; that the plan did not comply with the requirements of the statute; and that it infringed on Mandel's right to free speech.

After considering the exhibits filed in the matter and the affidavits of Nouse and Pieklik, District Judge Thornton granted Callaway's motion to dismiss and Nouse's motion for judgment on the pleadings, on the ground that the pre-termination notices and the opportunity for a full evidentiary *post*-termination hearing under 5 C.F.R. Part 771, Subpart B, provided procedural due process, and that the actions of USATACOM officials were protected by sovereign immunity. We affirm in all three appeals.

■ It is clear from the evidence in this case that Nouse in the preparation of the performance-rating plan, in the evaluation of the work performance of Mandel and Thomas, and in the preparation and transmittal of the 90-day warning letters, was performing official duties imposed upon him by statute. Each of the defendants was acting within the outer perimeter of his official duties, and they each have immunity from civil defamation suits. Barr v. Matteo, 360 U.S. 564, 573, 574, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); Bramblett v. Desobry, 490 F.2d 405 (6th Cir. 1974), cert. denied, 419 U.S. 872, 95 S.Ct. 133, 42 L.Ed.2d 111.

■ In the performance of their official duties the defendants were at all times acting as agents of the Government. Any injunctive relief requiring the reinstatement of the plaintiffs, or other equitable relief, would operate against the Government, and is barred on the ground of sovereign immunity. Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949).

The due process claims asserted with respect to the denial of pre-termination evidentiary hearings were determined by the recent decision of the Supreme Court in Arnett v. Kennedy, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974).

■ We further agree with the District Court that the plaintiffs have not exhausted their administrative remedies before the United States Civil Service Commission which has primary jurisdiction. United States v. Western Pac. R.R., 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956); Crain v. Blue Grass Stockyards Co., 399 F.2d 868 (6th Cir. 1968).

Affirmed.