**Harlen ROCHEFORT, Plaintiff,**

v.

**Lawrence GIBBS, Internal Revenue Service Commissioner, Defendant.**

**No. K87–321 CA.**

United States District Court,
W.D. Michigan, S.D.

July 5, 1988.

---

**8.** *NAACP v. DPOA,* 821 F.2d 328 (6th Cir.1987).

Harlen Rochefort, Bridgman, Mich., in pro. per.

John A. Smietanka, U.S. Atty. by Janice Kittle Mann, Asst. U.S. Atty., Grand Rapids, Mich., and Daniel M. Houlf, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## OPINION

BENJAMIN F. GIBSON, District Judge.

Plaintiff brings this "Bill to conserve present Rights From Possible Destruction or Serious Impairment" against Lawrence Gibbs as Commissioner of the Internal Revenue Service ("IRS"). Essentially, plaintiff challenges a statutory Notice of Deficiency sent to him by the IRS. Defendant moves for dismissal on the grounds of sovereign immunity and the Anti–Injunction Act. For the reasons that follow, defendant's motion is granted.

■] It is fundamental that the United States of America, as a sovereign, is immune from suit, except to the extent it has consented to be sued. *Lehman v. Nakshian,* 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981); *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *Honda v. Clark,* 386 U.S. 484, 501, 87 S.Ct. 1188, 1197, 18 L.Ed.2d 244 (1967); *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941); *United States v. Shaw,* 309 U.S. 495, 500–01, 60 S.Ct. 659, 661–62, 84 L.Ed. 888 (1940). Equally fundamental is the rule that a waiver of sovereign immunity cannot be implied but must be unequivocally expressed in an Act of Congress. *Mitchell,* 445 U.S. at 538, 101 S.Ct. at 1351; *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969). Where Congress has provided for a specific waiver of sovereign immunity, the limitations and conditions upon which the United States consents to be sued must be strictly construed and rigorously observed, and exceptions thereto are not to be implied. *Leh-*

*man,* 453 U.S. at 161, 101 S.Ct. at 2701–02; *Soriano v. United States,* 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957).

■2] In the instant action, plaintiff has named as defendant Lawrence B. Gibbs, Commissioner of the IRS. However, the doctrine of sovereign immunity cannot be avoided by naming a federal employee as the defendant. *See, e.g., Hawaii v. Gordon,* 373 U.S. 57, 83 S.Ct. 1052, 10 L.Ed.2d 191 (1963); *Bramblett v. Desobry,* 490 F.2d 405 (6th Cir.1974). A suit is considered to be against the sovereign where the judgment would 1) interfere with public administration, 2) compel the United States to act, or 3) enjoin the United States from acting. *Dugan v. Rank,* 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963); *Land v. Dollar,* 330 U.S. 731, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947). Since the relief sought by the plaintiff ostensibly relates to the legality of internal revenue taxes, this action is one against the United States. Accordingly, the doctrine of sovereign immunity applies to this case.

■] The Court notes that the United States has waived sovereign immunity for plaintiffs seeking a refund of taxes already paid, *see* 26 U.S.C. § 7422, or for plaintiffs challenging a deficiency assessment in tax court, *see* 26 U.S.C. § 6213(a). In this case, however, plaintiff challenges his Notice of Deficiency in federal court for which plaintiff alleges no waiver of sovereign immunity. Since the Court finds no basis for any waiver in this case, plaintiff's action must be dismissed. Moreover, the complaint does not allege that the individual defendant acted outside the scope of his official duties. Thus, defendant is entitled to absolute immunity as well. *Bramblett,* 490 F.2d at 406.

■ Furthermore, Title 26 United States Code Section 7421(a) (the "Anti–Injunction Act") provides that:

Except as provided in Sections 6212(a) and (c), 6213(a) and 7426(a) and (b)(1), no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person.

None of the exceptions to the Anti–Injunction Act applies to this case. Plaintiff may

not avail himself of Sections 6212 or 6213 because he did not bring a petition in tax court. Also, since plaintiff is the taxpayer, Section 7426 does not provide an exception to the Act.

Additionally, the Supreme Court has created an exception to the Anti–Injunction Act where the taxpayer shows equitable jurisdiction and that under no circumstances could the government ultimately prevail upon the merits of the action. *Enochs v. Williams Packing Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). In this case, however, plaintiff gives this Court no reason to believe that the government would not ultimately prevail. Therefore, it appears far from clear that the government would prevail under no circumstances. Moreover, plaintiff has shown no independent basis for equitable jurisdiction. Plaintiff has an adequate remedy because he may compel reassessment of his taxes in a United States Tax Court. *Bob Jones University v. Simon*, 416 U.S. 725, 94 S.Ct. 2038, 40 L.Ed.2d 496 (1974); *Alexander v. "Americans United", Inc.*, 416 U.S. 752, 94 S.Ct. 2053, 40 L.Ed.2d 518 (1974). Plaintiff does not allege the possibility of irreparable harm if the Court does not issue an injunction. Also, the plaintiff shows no likelihood of success on the merits. Thus, this Court is barred by the Anti–Injunction Act from providing plaintiff any equitable relief. This action, accordingly, must be dismissed.