850 F.2d 693
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence W. OLIVER, Defendant-Appellant.
 No. 87-3939.
 United States Court of Appeals, Sixth Circuit.
 July 11, 1988.
 
 Before BOYCE F. MARTIN, Jr., MILBURN and RALPH B. GUY, Jr., Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, Lawrence Oliver, appeals from his conviction on five counts of willfully failing to file federal income tax returns for the years 1980, 1981, 1982, 1984, and 1985, in violation of 26 U.S.C. Sec. 7203. Defendant proceeded pro se throughout the criminal proceedings. On appeal, two issues are raised. Defendant contends first that he did not waive his right to counsel, and second that testimony to the effect that he did not pay his state income taxes should not have been admitted into evidence.
 
 
 2
 Upon a review of the trial record, we conclude that defendant voluntarily and intelligently waived his right to counsel and that no error occurred with regard to the admission of the testimony relative to the failure to pay state income taxes. Accordingly, we affirm.
 
 I.
 
 3
 Defendant is a high school graduate who completed two years of college. His college work included courses in accounting, business, and taxation. At all times relevant, he was self-employed as a truck operator for a catering company. Prior to 1980, Oliver had paid federal income taxes. He stopped paying after that, however, because he accepted the discredited theory advanced in the "tax protestor" cases that when one trades his own labor for wages, no income is earned.[1] It was defendant's position that the federal income tax laws were never meant to apply to his type of earnings. It was never defendant's position that his failure to pay taxes was an oversight or otherwise inadvertent.
 
 II.
 Waiver of Counsel
 
 4
 On October 29, 1986, defendant was arraigned and a United States Magistrate advised defendant of his right to counsel. The defendant refused court-appointed counsel and demanded to act as his own counsel. The magistrate acceded to defendant's demand and defendant entered a plea of not guilty. Thereafter, defendant filed a number of motions in his own behalf and also filed two abortive appeals to this court. One of the pretrial motions filed by defendant was for a continuance so that he would have time to hire his own attorney. This motion was granted. On December 31, 1986, a pretrial conference was held. At that time, the court was interested in whether defendant had retained counsel. Defendant stated that the 30-day extension he had been granted was not "enough time to save enough money to contact or to hire an attorney." The court then told defendant, on at least six separate occasions, that if he were financially unable to hire his own counsel, the court would be happy to appoint a very competent lawyer to represent him. Defendant declined. The court further cautioned defendant that, without counsel, he would be disadvantaged at trial in that he would not be familiar with the admissibility of evidence, rules of procedure, or how to examine witnesses. The court strongly urged defendant to have an attorney, stating: "that you would be better served if you had an attorney; and secondly, that if you can't afford one, as I've said repeatedly, I'll appoint a very good lawyer for you. I just want you to know that." Defendant replied, "I understand. I understand, sir." The court then further inquired, "But you do not want me to appoint a lawyer for you?" Defendant responded, "No, sir."
 
 
 5
 On January 5, 1987, defendant sought another adjournment of the trial, again arguing that he needed more time to hire his own attorney. On January 6, 1987, the court held a second pretrial conference to discuss certain matters, one being defendant's second motion for a continuance. The court again strongly warned defendant of the numerous dangers that he, as an untrained layman, faced in trying to represent himself in court. The court further assured defendant that, if he was financially unable to hire his own counsel, the court would employ experienced counsel to represent him. After being so advised, the court asked defendant if "in spite of this, you still want to represent yourself?" Defendant replied, "Yes, sir, I do." The court subsequently granted defendant's request for an adjournment and rescheduled the trial to March 2, 1987.
 
 
 6
 In late January, 1987, defendant for the first time filed a motion to proceed in forma pauperis but withdrew the motion before it could be decided. In early February, 1987, the court granted a request for appointed counsel conditioned upon Oliver paying $25 per week to the court clerk. Although the court was certain that Oliver could afford to pay the amount, Judge Holschuh nonetheless told Oliver that the $25 weekly payment could be waived. After the court again impressed upon defendant the risks involved in self-representation, the defendant stated, "Judge Holschuh, I really appreciate your concern. You've been very gracious to me throughout all these proceedings and I thank you for this. I've been very, very anxious to get this over with, so I would like to proceed." The court then asked, "And you want to proceed without a lawyer?" Defendant responded, "Yes."
 
 
 7
 Trial was held on March 2 and 3, 1987. Throughout the trial Judge Holschuh repeatedly assisted the defendant and explained to him his options at all significant junctures in the trial. The evidence offered by the government at trial clearly established a willful failure to pay income taxes for the years in question. The evidence was unrefuted but not because of any inadequacies in defendant's presentation. Defendant did not deny the acts with which he was charged, rather, his defense was that he was not subject to the tax laws.
 
 
 8
 It is well settled that an accused's waiver of the right to counsel must be knowingly and intelligently made. Carnley v. Cochran, 369 U.S. 506, 513 (1962); Johnson v. Zerbst, 304 U.S. 458, 468-69 (1938). It is equally clear, however, that there is a constitutional right to self-representation. Faretta v. California, 422 U.S. 806 (1975). Thus, a trial judge must walk a difficult line between insuring that a defendant has competent representation and yet still honoring the right to go it alone. In order to aid trial judges in this difficult situation and to prevent defendants from playing "a cat and mouse game with the court,"[2] we spelled out a prophylactic procedure in United States v. McDowell, 814 F.2d 245, 250 (6th Cir.), cert. denied, --- U.S. ----, 98 L.Ed. 492, 108 S.Ct. 478 (1987):
 
 
 9
 [We] invoke our supervisory powers to identify the nature of the inquiry to be made and the procedure to be followed henceforth in situations where an accused seeks to waive representation by counsel and proceed pro se. A model inquiry for district judges is set forth in 1 Bench Book for United States District Judges 1.02-2 (3d ed. 1986). For convenience, it is reproduced in the appendix to this opinion. In the future, whenever a federal district judge in this circuit is faced with an accused who wishes to represent himself in criminal proceedings, the model inquiry or one covering the same substantive points along with an express finding that the accused has made a knowing and voluntary waiver of counsel, shall be made on the record prior to allowing the accused to represent himself.
 
 
 10
 The decision in McDowell was issued after the trial in the case so there obviously was no literal compliance with the "Bench Book" procedure. However, we are firmly convinced that Judge Holschuh bent over backwards throughout these proceedings to not only inform the defendant of his rights but more significantly, to fully acquaint him with the pitfalls of proceeding pro se.[3] Furthermore, the educational background of the defendant and the ability he demonstrated to file motions, appeals, and otherwise proceed within the parameters of proper trial practice convince us that the waiver here was intelligently and knowingly made. A review of the decided cases in which the defendant-taxpayer makes the same arguments advanced here also reveal a large number of defendants proceeding pro se. This is consistent with their defense which does not involve niceties of procedure or evidence but is really a demonstration of standing on principle and advancing a specific legal theory relative to the tax laws. Given the nature of these kinds of tax cases, where a defendant has the ability to understand and articulate his defense theory, there is arguably a tactical advantage to being unrepresented before the jury. Its completely consistent with the "big oppressive government" versus "little oppressed taxpayer" theory on which these cases proceed.
 
 
 11
 We are aware of no prejudice suffered by Oliver as a result of his self-representation other than that already inherent in his theory of defense.
 
 III.
 
 12
 The Admission into Evidence of Testimony That Defendant Had Not Paid His State Income Taxes
 
 
 13
 Little need be said on this issue for two reasons. First, since the state income taxes are assessed on the same legal basis as the federal taxes, defendant, to be consistent, could not have paid them either--so this is not a revelation to the jury. Second, the case law is clear that the failure to pay state income taxes is relevant evidence in a federal income tax prosecution on the issue of willfulness. United States v. Greenlee, 517 F.2d 899, 905 (3d Cir.), cert. denied, 423 U.S. 985 (1975); United States v. Magnus, 365 F.2d 1007, 1011 (2d Cir.), cert. denied, 386 U.S. 909 (1966). In this regard, there is no merit to defendant's argument that the trial court excluded an exhibit which documented defendant's tax history with the State of Ohio, and thus, should have excluded also the oral testimony. From the record, it is clear that the exhibit was excluded because it included taxable years and information concerning defendant's failure to pay personal property taxes which were not at issue in the present case.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 This argument has been repeatedly rejected in a plethora of cases from this circuit as well as in every other circuit in which the argument has been made
 
 
 [2]
 United States v. Krzyske, 836 F.2d 1013, 1017 (6th Cir.1988)
 
 
 [3]
 The record is replete with instances of the defendant profusely thanking Judge Holschuh for his consideration and concern