Dwight PURK, Plaintiff,

v.

UNITED STATES of America, et al., Defendants.

No. C–3–88–516.

United States District Court, S.D. Ohio, W.D.

April 12, 1989.

Dwight Purk, Piqua, Ohio, pro se.

Jan M. Holtzman, Asst. U.S. Atty., Dayton, Ohio, Gerald C. Miller, Tax Div., Dept. of Justice, Washington, D.C., for defendants U.S., I.R.S. and Liz Dwyer.

Joseph A. Castrodale, Bruce J.L. Lowe, Cleveland, Ohio, for defendants Hartzell Propeller and Shirley Fuller.

Edward R. Goldman, Cincinnati, Ohio, for defendant TRW.

DECISION AND ENTRY GRANTING MOTIONS TO DISMISS OF ALL DEFENDANTS (DOC. # 17, # 18, # 77); MOTION TO SUBSTITUTE UNITED STATES AS SOLE DEFENDANT BY DEFENDANT LIZ DWYER (DOC. # 46) TREATED AS MOTION TO DISMISS AND MOTION SUSTAINED; TERMINATION ENTRY

RICE, District Judge.

This case is now before the Court on the Motions to Dismiss of Defendants Hartzell Propeller and Shirley Fuller (Doc. # 17), Defendant TRW, Inc. (Doc. # 18), and Defendant United States (Doc. # 77) and the Motion to Substitute the United States as Sole Defendant by Defendant Liz Dwyer (Doc. # 46). The Motion of Defendant Liz Dwyer is treated as a Motion to Dismiss. For reasons set forth below, all motions are granted and the captioned cause is terminated.

A. *Introduction*

The material facts going to the Motions to Dismiss are not significantly in dispute. The bulk of Plaintiff's voluminous filings consists of claims and arguments going toward legal questions. The Court has experienced some difficulty in going through Plaintiff's filings, many of which are duplicative and many of which are composed of materials which Plaintiff has copied from sources advocating what have been characterized by the courts as tax protester arguments (see, *e.g.* Doc. # 84 and its 111–page attachment). The materials presented in some ways do superficially support many of Plaintiff's claims. However, a number of the supporting materials are fatally outdated, and in most of the materials statutory and case law language is taken out of context and misapplied. All cases, statutes, and legislative history which overrule, criticize or explain the materials presented in a manner contrary to the position advocated by the party or parties from whom Plaintiff has obtained the materials are totally disregarded. The materials reflect

only what those who have prepared the materials believe the law *should* be, not what the law *is*. With apparent sincerity, and an expenditure of considerable effort, Plaintiff has based his position on materials that are one-sided, incomplete, and just plain wrong. Nonetheless, this Court has found that at least one significant irregularity, since remedied (see following paragraph), did take place in IRS actions relating to Plaintiff's 1985 tax liability (see Doc. # 54). In spite of the deluge of legally suspect and/or misapplied citations of authority and seemingly irrelevant supporting materials which have inundated this Court in never ending waves, the Court has carefully examined Plaintiff's filings in an attempt to identify the claims Plaintiff may have or may be asserting and any underlying merit in those claims.

At issue in this case are assessments made against Plaintiff for federal tax liability for the years 1981 through 1984 and amounts arising therefrom levied upon Plaintiff. An assessment initially made against Plaintiff for the 1985 tax year, in violation of the notice provisions of 26 U.S.C. § 6212, was reversed and all actions pursuant thereto were likewise reversed or withdrawn (see Doc. # 54, p. 2). Plaintiff protests the making of the assessments and levy and the underlying tax liability, basing his claim on a number of grounds (Doc. # 84, ¶¶ 2, 6, 13, 15). Plaintiff seeks, *inter alia*, to have this Court enjoin the Government from enforcing the levies, to have amounts already collected returned, to have all the exemptions Plaintiff lists on his W–4 forms honored, and to have this Court order an award of damages for pain, suffering, and mental anguish (Doc. # 84, ¶¶ 1, 4, 11).

## B. *Claims Against the Government*

### 1. Sovereign Immunity

Defendant, the United States (the Government), has filed a Motion to Dismiss on grounds that it is immune from suit on the claims now brought by Plaintiff (Doc. # 78, p. 2). The United States is immune from suit under the doctrine of sovereign immunity except as it consents to be sued.

*United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); *United States v. Testan*, 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Further, "[a] waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *Mitchell*, 445 U.S. at 538, 100 S.Ct. at 1351. Although the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, waives to some extent the government's immunity, § 2680(c) of that Act provides an exception for a claim for relief arising from the assessment and collection of taxes and precludes suit therefor. Section 7421 (the Anti-injunction Act) of the Internal Revenue Code (Title 26 U.S.C.) provides, with three very narrow exceptions, that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person."

### 2. Statutory Waivers of Immunity

Plaintiff asserts that under 26 U.S.C. § 7804(b) his right to a jury trial in federal court on a challenge to the legality of his taxes is assured (Doc. # 84, ¶¶ 1, 10). This section, however, does not provide an independent basis for jurisdiction, but ensures the availability of a jury trial where a plaintiff has already established jurisdiction, as by paying the deficiency and suing for a refund in federal district court under § 7422 of the Code. *Engh v. United States*, 658 F.Supp. 698, 701 (N.D. Ill.1987). Such is not the case here. The guarantee of a jury trial in *United States v. Anderson*, 584 F.2d 369 (10th Cir.1978), cited by Plaintiff (Doc. # 84, ¶ 1), attached to an action brought by the Government pursuant to 26 U.S.C. § 7402, a provision which establishes federal district court jurisdiction where the Government brings suit to enforce Internal Revenue laws and which is inapplicable in a case brought by a party challenging the imposition of taxes. Plaintiff correctly contends that he cannot be "forced to bring his action in Tax Court rather than in federal district court" (Doc. # 84, ¶ 2). The Internal Revenue Code provides individuals who wish to challenge tax assessments with the option to pursue ei-

ther of two alternate routes—(1) going to Tax Court under § 6213, which permits a challenge before the deficiency is paid, or (2) paying the deficiency, filing a claim for refund, and then proceeding in federal district court under § 7422. Suits to restrain the assessment or collection of tax, with two other exceptions not applicable herein (see Doc. # 65 regarding § 6212), are otherwise prohibited under § 7421.

Thus, although Plaintiff is correct in asserting that § 6213 establishes a basis for jurisdiction as an exception to the Anti-injunction Act, § 6213, by its express terms, provides jurisdiction in the Tax Court, not in the federal district court.

■ Plaintiff also asserts, correctly, that 28 U.S.C. § 1346(a)(1) provides a basis for federal court jurisdiction over suits for the recovery of Internal Revenue taxes; however, that jurisdiction extends only as far as the United States has waived its sovereign immunity and consented to such suits, as for example under § 7422, which requires that the challenged tax first be paid. See, *e.g.*, *Anchor Pointe Boat-a–Minium Association v. Vern Meinke*, 860 F.2d 215 (6th Cir.1988); *Erdman v. United States*, 815 F.2d 703 (Table) full text available on WESTLAW 1987 WL 36908, 1987 U.S.App. LEXIS 4022 (6th Cir. March 31, 1987).

■ Proceeding in Tax Court would provide Plaintiff with the "appeal and ... determination of his liability for the tax prior to its payment" to which he asserts he is entitled (Doc. # 25, ¶¶ 4, 5). However, Plaintiff has elected not to proceed in that court. Suit in federal district court under § 7422 would provide Plaintiff with the Article III court forum to which he also asserts he is entitled (Doc. # 25, ¶¶ 6, 10). However, Plaintiff has not fulfilled the conditions which would allow him to proceed therein, namely, prior payment of the tax. Plaintiff appears to contend that Tax Court is not available to him as a forum in which he can exercise his right to challenge a deficiency before payment, on the grounds that he is not a "taxpayer," and that either this fact, in and of itself, *or* the fact that he has challenged the "jurisdiction of the

IRS" somehow establish a basis for jurisdiction only in this Court (Doc. # 25, ¶ 12). These arguments have been addressed frequently, both in Tax Court and in Article III courts, and the Sixth Circuit, by whose holdings this Court is bound, has specifically found that the "not a taxpayer" and related jurisdictional arguments are "baseless." *Martin v. Commissioner*, 756 F.2d 38, 40 (6th Cir.1985).

3. Criminal Jurisdiction

■ Plaintiff also appears to argue that he is entitled to the jurisdiction of this Court because § 6653(b) penalties have been imposed on him, thereby, he alleges, confronting him with criminal jeopardy (Doc. # 25, ¶¶ 8, 9). In support of this jurisdictional argument, Plaintiff cites *Coffey v. United States*, 116 U.S. 436, 437, 6 S.Ct. 437, 438, 29 L.Ed. 684 (1886); *Boyd v. United States*, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886); and *Iowa v. Chicago B & Q Railway Company*, 37 F. 497 (C.C.S.D. Iowa 1889) (Doc. # 84, ¶ 14). These cases deal with the effect of quasi-criminal penalties on specific, nominally civil actions unrelated to taxes, and are of questionable validity as precedent. In addition, *Iowa v. Chicago B & Q R. Co.* relies for its reasoning on two cited nineteenth-century Supreme Court cases, which have been limited, questioned, and disapproved. See, *e.g.*, *Butcher v. Bailey*, 753 F.2d 465, 468 (6th Cir.1985); *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 361, 104 S.Ct. 1099, 1104, 79 L.Ed.2d 361 (1984).

Section 6653(b) imposes fraud penalties which have been specifically found by courts to be civil rather than criminal in nature. *Lee v. Commissioner*, 227 F.2d 181 (5th Cir.1955); *Howell v. Commissioner*, 175 F.2d 240 (6th Cir.1949); *see also Kahr v. Commissioner*, 414 F.2d 621 (2d Cir.1969); *Drybrough v. Commissioner*, 238 F.2d 735 (6th Cir.1956). This is a civil suit, instituted by Plaintiff against the government, and it does not involve any criminal charges—whatever Plaintiff's future liability may be—which might provide a basis for this Court's jurisdiction.

### 4. Equity Jurisdiction

■ To the extent that, as the Government suggests may be the case, Plaintiff attempts to invoke the equity jurisdiction of this Court pursuant to *Enochs v. Williams' Packing and Navigation Company*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962) and *South Carolina v. Regan*, 469 U.S. 1083, 105 S.Ct. 585, 83 L.Ed.2d 696 (1984), by presenting evidence of the hardship visited upon his family by enforcement of the levy (Doc. # 25, p. 35), that attempt must fail. *Firstly*, Plaintiff cannot satisfy the requirement for equity jurisdiction that he demonstrate that "under no circumstances could the Government ultimately prevail" on the claims asserted against it by Plaintiff (*Enochs v. Williams Packing Company*, 370 U.S. at 7, 82 S.Ct. at 1129), in view of the fact that the arguments raised by Plaintiff have been addressed and rejected by numerous courts. See, *e.g.*, *Schehl v. Commissioner*, 855 F.2d 364 (6th Cir.1988); *United States v. Oliver*, 850 F.2d 693 (Table) full text available on WESTLAW 1988 WL 71196, 1988 U.S.App. LEXIS 9305 (6th Cir. July 11, 1988); *Pollard v. Commissioner*, 816 F.2d 603 (11th Cir.1987); *Martin v. Commissioner*, 756 F.2d 38 (6th Cir.1985). *Secondly*, a judicial forum (Tax Court) was made available to Plaintiff, pursuant to § 6213, in which his claims could have been heard prior to collection of the tax. This remedy and the refund procedures available after payment of the tax have been specifically held to be constitutionally adequate remedies at law which preclude the assertion of equity jurisdiction in cases challenging the imposition of taxes. *Bob Jones University v. Simon*, 416 U.S. 725, 746, 94 S.Ct. 2038, 2050, 40 L.Ed.2d 496 (1974). This Court cannot protect Plaintiff from the consequences of his own election not to proceed in Tax Court pursuant to § 6213. Furthermore, Plaintiff himself has presented evidence which suggests that the Government is willing to work with Plaintiff to make payment arrangements which will reduce the hardship on Plaintiff's family (Doc. # 43). The hardship now visited upon Plaintiff is of his own making.

Many other arguments made by Plaintiff in his memo contra to the Government's Motion to Dismiss go to the merits of his claims against the Government rather than to a jurisdictional basis for asserting those claims in this Court (Doc. # 25, *e.g.*, ¶¶ 11, 13, 14). However, this Court cannot proceed to consider the merits of Plaintiff's claims unless it first determines that it has jurisdiction. *See, e.g., Richey v. Stewart*, 54 A.F.T.R.2d (P–H) 5239 (S.D.Ind.1984). The Court cannot grant a hearing, as requested by Plaintiff (see, *e.g.*, Docs. # 99, # 100), when it has no jurisdiction to hear the claims asserted. Neither can the Court order the Government to take action, such as providing the Plaintiff certain documents (see, *e.g.*, Doc. # 91), in response to claims over which the court has no jurisdiction.

Accordingly, because suits for the injunctive relief sought by Plaintiff against the Government are barred by § 7421, because Plaintiff has not fulfilled the conditions required for institution of suit against the Government under § 7422, and because Plaintiff has demonstrated no other jurisdictional basis upon which this Court may entertain Plaintiff's claims against the Government, Plaintiff's claims against the Government are hereby dismissed.

### C. Claims Against Defendant Internal Revenue Service

■ Plaintiff has named not only the United States but also the Internal Revenue Service ("IRS") as Defendant in this case (Doc. # 4). The IRS, however, is not an independently suable entity. *Krouse v. United States*, 380 F.Supp. 219 (C.D.Calif. 1974). Where "the relief sought ostensibly relates to the legality of Internal Revenue taxes, th[e] action is one against the United States." *Rochefort v. Gibbs*, 696 F.Supp. 1151 (W.D.Mich.1988). Accordingly, all claims brought against the IRS as a Defendant are dismissed.

### D. Claims Against Defendant Dwyer

Internal Revenue Agent Liz Dwyer was named as a Defendant in Plaintiff's Amended Complaint (Doc. # 4). In Plain-

tiff's 30–page Amended Complaint and Memorandum, there are no specific factual allegations detailing any actions of Defendant Dwyer; however, an attached copy of the Notice of Levy on Wages, Salary, and Other Income served October 11, 1988, on "TRW Hartzell Propeller" shows the signature of Defendant Dwyer as Service Representative (Doc. # 4, Exh. A). Plaintiff asserts a cause of action against Defendant Dwyer under 18 U.S.C. § 242 and 26 U.S.C. § 7214 (Doc. # 4, pp. 29–30). In Plaintiff's Request for a TRO (Doc. # 47), Plaintiff claims that Defendant Dwyer has disregarded "proper IRS procedures for collection" (¶ 8) in "collect[ing] money with a *Fraudulent levy* [sic], with Fraudulent figures on it." (Doc. # 47, ¶ 18). Plaintiff also claims that this conduct was carried out by Defendant Dwyer in her individual capacity and, constituted trespass, a violation of the revenue laws, and a violation of Plaintiff's constitutional right to due process (Doc. # 84, ¶¶ 25, 26).

Defendant Dwyer filed a Motion to Substitute the United States as Sole Defendant, on the grounds that Defendant Dwyer was immune from suit (Doc. # 46). Because this motion functions as a Motion to Dismiss, it will be construed as such to further "the just, speedy and inexpensive determination of [this] action." Federal Rule of Civil Procedure 1.

### 1. Common Law Tort Claims

■ Under 28 U.S.C. § 2679(b)(1), a Government employee is immune from suit for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission ... within the scope of his office or employment." Plaintiff correctly notes that the statute was passed into law on November 18, 1988, after his suit had already been filed; however, the statute was made applicable to "all claims, civil actions and proceedings pending on ... the date of enactment." H.R. 4612–4, Sec. 8(b). Furthermore, the statute codified an absolute immunity from liability from common law tort claims which has been long recognized in the case law and which would have been available to Defendant Dwyer. *Hall v.*

*United States,* 704 F.2d 246, 249 (6th Cir. 1983). The Attorney General has certified that at the time of the incident (presumably the signing of the Notice of Levy) out of which the claims arose, Defendant Dwyer was acting within the scope of her office or employment (Doc. # 46, Exh. B). Accordingly, Plaintiff's claims of fraud and trespass, and any other common law tort claims which the pleadings may reflect were properly dismissed as to Defendant Dwyer on February 27, 1989 (Doc. # 79).

### 2. Criminal Claims

■ Section 2679(b)(1) could not insulate Defendant Dwyer from criminal charges which might be brought under 18 U.S.C. § 242 or 26 U.S.C. § 7214, under which Plaintiff asserts claims against her (Doc. # 4, pp. 29–30). However, these statutes address criminal offenses which can be prosecuted only by the proper United States authorities and which do not permit private causes of action. See, *e.g., Lovelace v. Whitney,* 684 F.Supp. 1438 (N.D.Ill. 1988); *Graf v. Slusarski,* No. 84–C–0078, slip op., 1985 WL 1417 (E.D.Wisc. Feb. 27, 1985) (available on LEXIS); *Rynearson v. First National Bank,* 602 F.Supp. 1253 (N.D.Ind.1985).

### 3. Claims Based on Official Conduct

■ Insofar as Defendant Dwyer is sued in her official capacity and the relief sought would require official action—that is, action by the Government (*e.g.* withdrawal of the Notice of Levy), the action is to be deemed one against the Government and all claims against Defendant Dwyer in her official capacity must be dismissed. *Rochefort v. Gibbs,* 696 F.Supp. 1151, 1152 (W.D.Mich.1988). Thus, most of the relief Plaintiff seeks through his suit—withdrawal of the levy, reversal of the assessments, refund of the taxes collected—is unavailable in an action against Defendant Dwyer, regardless of what her participation in the acts complained of might have been. Such relief is available only in a suit against the Government, in a court of competent jurisdiction.

#### 4. Constitutional Tort Claims

 While the February 27, 1989 dismissal of Defendant Dwyer was effective as to all common law tort claims directed against her in her individual capacity, it was ineffective as to claims of constitutional torts against Defendant Dwyer. 28 U.S.C. § 2679(b)(2). On a claim brought by Plaintiff under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) against Defendant Dwyer in her individual capacity for in some way violating Plaintiff's constitutional rights, Defendant Dwyer would not be entitled to the absolute immunity provided through 28 U.S.C. § 2679(b)(2); however, she would nonetheless be entitled to qualified immunity. *Hall v. United States*, 704 F.2d 246, 249 (6th Cir.1983). On the present state of the record, there are simply no factual allegations which support Plaintiff's claim that Defendant Dwyer "was not acting within the scope of her employment" (Doc. # 84, ¶ 26) or disregarded proper Internal Revenue Service procedures (Doc. # 47, ¶ 8). The only fact regarding Defendant Dwyer's conduct which is actually evidenced by the record is that she signed the Notice of Levy. The signing of standard Internal Revenue Service documents, without a showing of facts demonstrating responsibility for wrongful conduct[1] is an insufficient basis for a claim upon which relief can be granted. *Hall*, 704 F.2d at 251. Furthermore, on the present state of the record, there are simply no facts from which it could be inferred that Defendant Dwyer's conduct "violate[d] clearly established statutory or constitutional rights at the time the challenged action occurred." *Hall* at 250. Accordingly, the claims of constitutional violations against Defendant Dwyer are hereby dismissed, without prejudice.

#### E. *Claims Against Defendants Hartzell Propeller, TRW, and Shirley Fuller*

In his Amended Complaint, Plaintiff also named Hartzell Propeller, Inc.; TRW, Inc.; and Shirley Fuller, Personnel Manager, as Defendants (Doc. # 4, p. 1). These Defendants were listed as addressees on the Notice of Levy on Wages, Salary, and Other Income attached as an exhibit to Plaintiff's Amended Complaint (Doc. # 4). Although there is some confusion as to the relationship of TRW to Plaintiff and as to whether TRW took or was in a position to take any action in response to the Notice of Levy (see Doc. # 29), an explanation is not necessary to dispose of what the Court concludes Plaintiff's claims in this regard must be—namely, that Defendants should not honor the Notice of Levy and that Defendants were not entitled to disregard Plaintiff's Employee's Withholding Allowance Certificate, IRS form W–4 (Doc. # 4, ¶ 6).

#### 1. The IRS Levy

 Under § 6332(d) of the Internal Revenue Code, any employer honoring a Notice of Levy on Wages "is discharged from any obligation or liability to the delinquent taxpayer with respect to such property or rights to property arising from such surrender or payment." *State Bank of Fraser v. United States*, 861 F.2d 954 (6th Cir.1988). The fact that, as Plaintiff herein contends, the person whose wages or salary are being levied against may have defenses to the levy does not discharge the employer's obligation to honor the levy. "[C]ourts have held that a person served with a Notice of Levy has only two possible defenses for failure to comply with the demand: (1) that he is not in possession of the taxpayer's property or property in which the taxpayer has any interest, and (2) that the property is subject to a prior judicial attachment or execution." *Commonwealth of Kentucky v. Laurel County*, 805 F.2d 628, 635 (6th Cir.1986). If for any other reason the employer refuses to honor a levy, "he incurs liability to the government for his refusal under § 6332(c)(1)." *State Bank of Fraser v. United States*, 861 F.2d 954 (6th Cir.1988).

---

**1.** While the extent of Defendant Dwyer's participation in the actions taken with regard to assessment and collection of taxes is unknown, the Court notes that there is a wealth of case law supporting the ability of the IRS to collect taxes either administratively or through civil suit. *United States v. Berman*, 825 F.2d 1053 (6th Cir.1987).

**1250**

2. W-4 Forms

■ Similarly, courts have held "that an employer cannot be made liable for failing to honor an employee's W-4 form when it has been directed to do so [to so ignore] by the Internal Revenue Service." *Benz v. United Parcel Service*, 815 F.2d 75 (6th Cir.1987). Plaintiff cites *United States v. Malinowski*, 347 F.Supp. 347 (E.D.Pa.1972) to the contrary.[2] The discussion cited by Plaintiff was offered in support of a conclusion made by the Court that an individual who claimed excessive exemptions on his W-4 was to be held entirely responsible therefor, and was liable for criminal charges arising therefrom. *Malinowski* at 353. The case did not suggest that a cause of action was available to an employee against an employer who dishonored a W-4 form, and to the extent that the discussion cited by Plaintiff may be used in support of such a suggestion, that argument was specifically rejected in an opinion whose reasoning was expressly adopted in the Sixth Circuit. *Stefanelli v. Silvestri*, 524 F.Supp. 1317 (D.Nev.1981), in *Pascoe v. Internal Revenue Service*, 580 F.Supp. 649 (E.D.Mich.1984), *aff'd* 755 F.2d 932 (6th Cir.1985). Finally, § 3403 of the Code holds that "[t]he employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment." Plaintiff's challenges to the taxes assessed against and collected from him should be directed toward the United States not toward his employers. Accordingly, all claims against Defendants TRW, Hartzell Propeller and Shirley Fuller are hereby dismissed with prejudice.

F. *Conclusion*

In sum, the claims presently brought against the United States are barred by the doctrine of sovereign immunity and are dismissed for lack of subject matter jurisdiction. The claims may be refiled when Plaintiff has complied with the jurisdictional requirements of § 7422, including payment of the tax and filing for a refund. The claims of constitutional tort brought against Defendant Dwyer in her individual capacity are dismissed, without prejudice, for failure to state a claim upon which relief can be granted. All other claims, including all other claims not previously dismissed against Defendant Dwyer and claims against all other Defendants are dismissed, with prejudice.

To a large degree, this case represents a tragic situation, given the fact that for many weeks the Plaintiff's family has been living on the $75 per week that has been exempted from the Internal Revenue Service levy. This Court does not know the Plaintiff on a personal basis. However, the Court has been in receipt of so much correspondence from the Plaintiff, since the inception of this litigation, that the undersigned almost feels as though the Plaintiff were someone with whom the Court had a personal acquaintance. The Plaintiff appears to be a thoroughly sincere individual and, insofar as can be discerned from his voluminous correspondence, a decent individual as well, with a fine wife and a lovely family. (Indeed, the Court has received many letters from the Plaintiff's wife and, at one time, received a picture of the Defendant's three children (Doc. # 90)). However, tragic though this case may be, it represents a tragedy of the Plaintiff's own making. Neither the Internal Revenue Service nor this Court has been, in the opinion of the undersigned, the competent producing cause of any straitened living conditions for the Plaintiff and his family.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**2.** *United States v. Throckmorton*, 98 U.S. 61, 25 L.Ed. 93 (1878), *Nudd v. Burrows*, 91 U.S. 426, 23 L.Ed. 286 (1875), and *Boyce v. Grundy*, 3 Pet. 210, 7 L.Ed. 655 (1830), also cited by Plaintiff, address fraud in land grants, bankruptcy, and contract, respectively, and have no discernible application to the case now before this Court.